553 So.2d 187 (1989)
Frederick Aldine BAIRD, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 87-1962.
District Court of Appeal of Florida, First District.
October 3, 1989.
On Motion for Rehearing November 21, 1989.
Laura E. Keene of Beroset & Keene, Pensacola, for appellant.
Robert A. Butterworth, Atty. Gen., and Mark C. Menser, John M. Koenig, Jr., and Richard Dorn, Asst. Attys. Gen., Tallahassee, for appellee.
*188 PER CURIAM.
As the result of a criminal investigation into football betting in the Pensacola area, Frederick Aldine Baird, Jr., was charged in numerous counts with racketeering and bookmaking. He was tried by jury and adjudged guilty on three counts of racketeering in violation of section 895.03(4), Florida Statutes.[1] Appealing his conviction, he raises eight issues. We find error in the admission of certain hearsay testimony and reverse for a new trial. We affirm the remaining issues.
Baird contends that the trial court erred in admitting, over his timely objection and motion for mistrial, testimony by Officer Griffith that, "I had received information that he [Baird] was a major gambler and operating a major gambling operation in the Pensacola area... ." Griffith had testified about the investigation of gambling and his involvement in obtaining wiretaps for telephones, including Baird's, and he made the above statement in response to the state's question inquiring whether Griffith had targeted Baird for prosecution. The testimony was obviously hearsay and improperly admitted. See Bauer v. State, 528 So.2d 6 (Fla. 2d DCA, 1988). The officer could testify to what he did as a result of information received from others, but should not have been permitted to relate the information so received unless it otherwise met some recognized exception to the hearsay rule. See Collins v. State, 65 So.2d 61 (Fla. 1953). We find no basis for its admission in this case. Applying the rule in State v. DiGuilio, 491 So.2d 1129 (Fla. 1986) to the circumstances, we conclude that the state has failed to carry its burden of showing that this error was harmless. It is necessary, therefore, that Baird's conviction be reversed and the cause remanded for a new trial.
Only two of Baird's remaining points warrant further discussion. First, Baird's argument that the application of the Florida RICO statute to the numerous booking offenses in this case amounts to cruel and unusual punishment in violation of the Eighth Amendment of the federal Constitution. This issue is governed by this court's decision to the contrary in Vickery v. State, 539 So.2d 499 (Fla. 1st DCA 1989).
Finally, Baird argues that the court erred in failing to suppress certain evidence obtained through electronic surveillance by use of a pen register. Conceding that use of a pen register does not constitute a search or require a warrant under Article I, section 12 of the Florida Constitution, Yarbrough v. State, 473 So.2d 766 (Fla. 1st DCA 1985), Baird argues that his right of privacy under Article I, section 23 of the Florida Constitution protects him from the type of intrusion presented by use of a pen register. Although the use of a pen register does implicate appellant's constitutional right to privacy, we hold that no violation of that right has been shown on this record. Shaktman v. State, 529 So.2d 711 (Fla. 3d DCA 1988). As did the court in Shaktman, we certify the following questions of great public importance to the supreme court:
(1) WHETHER ARTICLE I, SECTION 23, OF THE FLORIDA CONSTITUTION IS IMPLICATED WHEN A LAW ENFORCEMENT AGENCY INSTALLS A PEN REGISTER DEVICE ON THE TELEPHONE OF AN INDIVIDUAL?
(2) IF THE ANSWER TO (1) IS YES, THEN IS THE COMPELLING STATE INTEREST TEST SATISFIED IF THE LAW ENFORCEMENT AGENCY INVOLVED IN THE INSTALLATION HAS FOUNDED SUSPICION AND MEETS THE CRITERIA ESTABLISHED BY SECTIONS 119.011(3)(a), (b), (c) AND 119.011(4)?
We find no merit in appellant's remaining points on appeal.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
SMITH, WENTWORTH and ZEHMER, JJ., concur.

*189 ON MOTION FOR REHEARING
ZEHMER, Judge.
The state's motion for rehearing directs our attention to the supreme court's recent decision in Shaktman v. State, 553 So.2d 148 (Fla. 1989), wherein the court answered the certified questions presented in our opinion herein, and suggests that this decision negates any need for certification of the same question here. We agree, and delete the certified question from the opinion.
In all other respects the state's motion for rehearing is DENIED.
WENTWORTH and SMITH, JJ., concur.
NOTES
[1] The written judgment shows an adjudication of guilt on three counts of racketeering in violation of section 895.03, while the jury verdict and oral pronouncement by the trial judge indicate that the second count was an adjudication of guilt for conspiracy to commit racketeering in violation of section 895.03(4).