559 So.2d 436 (1990)
James A. ADAMS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 89-1730, 89-1808.
District Court of Appeal of Florida, First District.
April 11, 1990.
Rehearing Denied May 7, 1990.
*437 Michael E. Allen, Public Defender and Lynn A. Williams, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Virlindia A. Sample, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
These consolidated appeals raise identical issues. For the following reasons, we reverse appellant's conviction of the charge of unlawfully attempting to obtain credit in excess of $300 by use of a credit card without authorization. Nonetheless, we affirm the revocation of appellant's probation.
Appellant was placed on community control for nine months followed by 15 months probation for the offense of committing a lewd and lascivious act in the presence of a child. An affidavit alleging violation of probation was filed on February 7, 1989. Appellant and the state stipulated that the trial court would render a finding as to whether or not appellant was in violation of his probation based upon the evidence adduced at trial on the credit card charge. Following trial in the latter case, the court made a finding that appellant was in violation of his probation, revoked probation and sentenced appellant to 30 months in state prison with credit for time served to run concurrently to the sentence imposed following the revocation of probation.
With regard to the credit card case, appellant was charged by amended information with unlawfully attempting to obtain credit in excess of $300 by using a credit card without authorization. During trial, the court, over a hearsay objection, permitted Stephen Spates, a patrol officer with the Jacksonville Sheriff's Office, to testify that when he went to the business in question and spoke to Robert Spires, an employee there, Spires advised him that the credit card appellant was trying to use was bad. Officer Spates was also allowed to testify over hearsay objection to the contents of a telephone conversation he later had with a Mr. Miller, an employee of the Mental Health Resource Center which owned the card. According to Spates, Miller represented that no one by the name of James Adams worked at the Center and although the card had not been reported stolen to the police, it had been stolen.
Spates also testified that after advising appellant of his Miranda rights, appellant stated he was an ex-employee of the Center and authorized to use the card. At this juncture, again over defense objection on the basis of hearsay and repetitiveness, Officer Spates was once more allowed to testify that Miller said "there was never a James Anthony Adams authorized to use the card with the Mental Health Resource Center insignia on it," and "there was never a James Anthony Adams employed by the Center." Both Spires and Miller later testified at trial consistent with Spates' testimony.
We agree with appellant that the foregoing testimony was clearly hearsay, and the state's argument that the statements solicited were not hearsay because they were offered only to show what prompted Officer Spates to arrest appellant is inappropriate. As noted by appellant, there is no such "probable cause exception to the hearsay rule." Wells v. State, 477 So.2d 26 (Fla. 3d DCA 1985). Instead, Officer Spates' testimony was inadmissible as testimony of prior consistent statements utilized for the obvious purpose of proving *438 the truth of the matter asserted by corroborating the respective witness' testimony where there has been no charge of improper influence, motive, or recent fabrication. Baird v. State, 553 So.2d 187 (Fla. 1st DCA 1989); Jenkins v. State, 547 So.2d 1017 (Fla. 1st DCA 1989). As observed in Baird, "[t]he officer could testify to what he did as a result of information received from others, but should not have been permitted to relate the information so received unless it otherwise met some recognized exception to the hearsay rule." 553 So.2d at 188. Consequently, we find that the trial court abused its discretion in allowing Officer Spates to testify with respect to Spires' and Miller's description of the incident.
We reject the state's suggestion that the trial court's error was harmless. It is clear that Spires' and Miller's testimony was critical in establishing lack of authorization. In fact, the hearsay recounted by Spates tended to suggest appellant's involvement in a more serious crime, i.e., that the card had been stolen. As a result, we cannot conclude beyond a reasonable doubt that the error did not affect the jury's verdict. Jenkins. We therefore reverse and remand for a new trial.[1]
However, we disagree with appellant that the revocation of probation is consequently invalid. All that is required to justify revocation of probation is sufficient evidence to satisfy the conscience of the court that the probation was violated. Evans v. State, 427 So.2d 1082 (Fla. 1st DCA 1983). Here, there was sufficient evidence during the trial to satisfy the court's conscience that probation was violated and therefore appellant has not shown an abuse of discretion. Bernhardt v. State, 288 So.2d 490 (Fla. 1974).
Appellant's revocation of probation in Case No. 89-1808 is, hereby, AFFIRMED. Appellant's conviction in Case No. 89-1730 is REVERSED, and the cause REMANDED for a new trial.
SHIVERS, C.J., and BARFIELD, J., concur.
NOTES
[1] As a result, we need not address appellant's second point arguing that the trial court erred in finding valid the state's reasons for exercising peremptory challenges against black jurors except to refer the parties to the supreme court's revised opinion in Reed, on rehearing. See Reed v. State, 560 So.2d 203 (Fla. 1990).