572 So.2d 904 (1990)
STATE of Florida, Petitioner,
v.
Frederick Aldine BAIRD, Jr., Respondent.
No. 75161.
Supreme Court of Florida.
November 29, 1990.
Rehearing Denied February 5, 1991.
*905 Robert A. Butterworth, Atty. Gen. and Richard E. Doran, Director, Criminal Appeals, Tallahassee, for petitioner.
Laura E. Keene of Beroset & Keene, Pensacola, for respondent.
EHRLICH, Justice.
We have for review Baird v. State, 553 So.2d 187 (Fla. 1st DCA 1989), because of apparent conflict with other district courts of appeal on the issue of when a police officer's testimony relating information received from an informant is considered inadmissible hearsay. We have jurisdiction, article V, section 3(b)(3), Florida Constitution, and quash the decision below.
As a result of an investigation conducted by the Florida Department of Law Enforcement (FDLE) into football betting in the Pensacola area, Baird was charged with numerous counts of racketeering and book-making. After a jury trial, he was found guilty of three counts of racketeering in violation of section 895.03(4), Florida Statutes (1987). On appeal, the district court found that it was reversible error for the trial court to admit, over objection and motion for mistrial, testimony of FDLE Special Agent Griffith that, "I had received information that he [Baird] was a major gambler and operating a major gambling operation in the Pensacola area." Prior to this testimony, Agent Griffith had testified about the investigation. The above statement was made, on direct examination, in response to the state's question as to whether Agent Griffith had targeted Baird for prosecution. The district court reversed the conviction and remanded, finding *906 that the testimony was improperly admitted hearsay and that the state had failed to carry its burden of showing that the error was harmless under State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).[1]
The district court's conclusion that the testimony was inadmissible hearsay was based primarily on this Court's decision in Collins v. State, 65 So.2d 61 (Fla. 1953), which it cited for the proposition that "[t]he officer could testify to what he did as a result of information received from others, but should not have been permitted to relate the information so received unless it otherwise met some recognized exception to the hearsay rule." 553 So.2d at 188. In Collins, this Court held testimony of a deputy sheriff that an anonymous person told him that the defendant had been engaged in the very criminal transaction for which he was being tried to be inadmissible hearsay. 65 So.2d at 66. In reaching this conclusion, we explained:
Out of fairness to the trial judge we should say that he admitted the testimony on the theory that it was material "to justify a basis for search and seizure." But it must be remembered that at this point the jury was in the box and they were being told, in effect, that an officer of the law had made inquiry and had been told by some one or other that the defendants were guilty. The testimony was obviously incompetent. Plainly the testimony was hearsay. Another reason for its incompetency was that the defendant was deprived of opportunity to cross examine the informant who was an accuser in absentia. ... An officer may say what he did pursuant to information but he may not relate the information itself for such is hearsay.
65 So.2d at 66-67.
We acknowledge that Collins appears to set forth a blanket rule that an officer may explain what he did pursuant to information concerning the defendant, but under no circumstances may he relate the information itself because such is hearsay. However, Collins was decided in 1953, long before Florida's Evidence Code was adopted in 1976. Under section 90.801(1)(c), Florida Statutes (1987), hearsay is defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered to prove the truth of the matter asserted. It is clear that under Florida's Evidence Code, testimony such as that challenged in Collins, if offered for a purpose other than to prove the truth of the matter asserted, would not be considered hearsay[2] and, if relevant to a material fact in issue, would generally be admissible unless its probative value was found to be substantially outweighed by its prejudicial effect. See §§ 90.402, 90.403, 90.801(1)(c), Fla. Stat. (1987). In such a case, any prejudicial effect generally can be limited by giving instructions cautioning the jury as to the limited use of the testimony.
Returning to the case sub judice, the district court below failed to point out in its decision that the state's inquiry as to whether Baird had been targeted appears to have been in response to the following comments made during opening statement by defense counsel:
First of all, I think the evidence will show that they selected the man, Dean Baird, sitting over there, maybe a year before that, they also selected the offense, racketeering, to charge him with.
... .
Mr. Baird undoubtedly is flamboyant. The testimony is going to show that. He likes to gamble. He has gambled, and I think the evidence will show that he goes to Vegas, that he bets on football games, and that years ago, in fact, he did bet *907 and book football like some of these other people.
... .
But in any event, Mr. Baird was flamboyant. He himself went through a divorce in 1981, a divorce from his wife, he got out of gambling completely. He got scared of it. He didn't need to gamble. He gambled because he had a lot of money. He gambled because he enjoyed it, because it was exciting. But he decided to get out of gambling because his wife, as many times do when you go through depositions, people say angry things, and apparently some testimony came out that he had a lot of cash from gambling, and he told people he was getting out of it.
... .
I think after you have heard all the evidence in this case, that you are going to find, as I indicated to you from the start, they selected Mr. Baird to prosecute, and they selected the offense of racketeering, and after you have heard all the evidence in this case, I'm going to ask you to find him not guilty based upon justice and the evidence that is presented. Thank you.
The state maintains that the challenged testimony was not hearsay because it was not offered to prove that Baird was guilty of the offenses charged but rather was offered to refute what it characterizes as "a defense assertion that the officer was motivated by greed or vindictiveness and that he had pre-selected Baird for prosecution."
We agree that if the challenged testimony was offered for a purpose other than to prove the truth of the matter asserted, it was by definition not hearsay. Breedlove v. State, 413 So.2d 1, 6 (Fla.), cert. denied, 459 U.S. 882, 103 S.Ct. 184, 74 L.Ed.2d 149 (1982); § 90.801(1)(c), Fla. Stat. (1987). "`The hearsay rule does not prevent a witness from testifying as to what he has heard; it is rather a restriction on the proof of fact through extrajudicial statements.'" 413 So.2d at 6 (quoting Dutton v. Evans, 400 U.S. 74, 88, 91 S.Ct. 210, 219, 27 L.Ed.2d 213 (1970)). As we noted in Breedlove, merely because an out-of-court statement is inadmissible to prove the truth of the matter asserted does not mean it is inadmissible for another purpose. 413 So.2d at 6. However, an out-of-court statement which is offered for a purpose other than proving the truth of its contents is admissible only when the purpose for which the statement is being offered is a material issue in the case. See C. Ehrhardt, Florida Evidence § 801.2 (2d ed. 1984).
In the instant case, the state maintains that the challenged testimony was offered to prove Agent Griffith's motive for investigating Baird. Recognizing that a police officer's state of mind is generally not a material issue in a criminal prosecution, the state contends that Agent Griffith's motive for investigating Baird was made an issue by defense counsel's allegations during opening statement that Baird had been selected for prosecution. The trial court agreed with the state, initially ruling that "in light of [defense's] opening statement, ... it's fair testimony." The trial court later denied the defense's renewed motion for mistrial, ruling the defense "raised that issue very strongly and firmly not only in [its] opening statement but by [its] questions [on cross-examination], and it's the agent's state of mind that was at issue and not the truth of the reports."
While the state's position has superficial appeal, we cannot agree that the above comments made during opening statement "opened the door" for the challenged testimony which was elicited during direct examination by the state. At the time the testimony was elicited, no evidence of selective prosecution or bad motives on the part of the investigating officers had been offered by the defense. Therefore, the challenged testimony was not admissible to prove Agent Griffith's motive for investigating Baird because the motive for the investigation was not yet in issue.
Likewise, we cannot agree that the challenged testimony was admissible to present a logical sequence of events to the *908 jury.[3]See Johnson v. State, 456 So.2d 529 (Fla. 4th DCA 1984), review denied, 464 So.2d 555 (Fla. 1985). We agree with the Fourth District Court of Appeal in Harris v. State, 544 So.2d 322, 324 (Fla. 4th DCA 1989), that when the only purpose for admitting testimony relating accusatory information received from an informant is to show a logical sequence of events leading up to an arrest, the need for the evidence is slight and the likelihood of misuse is great. In light of the inherently prejudicial effect of an out-of-court statement that the defendant engaged in the criminal activity for which he is being tried, we agree that when the only relevance of such a statement is to show a logical sequence of events leading up to an arrest, the better practice is to allow the officer to state that he acted upon a "tip" or "information received," without going into the details of the accusatory information. 544 So.2d at 324.
In conclusion, because Agent Griffith's motive for investigating the defendant was not a material fact in issue at the time the challenged testimony was elicited, the district court properly held that it was error to allow Agent Griffith to relate the information received. However, we cannot agree that the state has failed to establish that the error was harmless beyond a reasonable doubt under DiGuilio.
In this case, it was error to admit the challenged testimony only because the testimony was elicited prematurely. The testimony would have been admissible on redirect after the defense attempted, during cross-examination, to establish that Mr. Baird had been targeted for prosecution. Although the jury was never instructed to limit its consideration of the challenged testimony to the issue of the state's motive for investigating and prosecuting the defendant,[4] from our review of the record, there is no reasonable probability that the verdict was affected by this testimony. It was clear from the question eliciting the challenged response that the testimony was merely offered to rebut the defense's contention that Mr. Baird had been selected for prosecution.[5] The erroneously admitted testimony was not focused upon nor was it again brought to the jury's attention. The state based its case on evidence which was properly before the jury. This evidence included testimony of Baird's involvement in the gambling operation independent of the testimony of his coconspirators.
Accordingly, the decision of the district court is quashed.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT and GRIMES, JJ., concur.
KOGAN, J., concurs in result only.
NOTES
[1] The DCA certified two questions in connection with another issue but on rehearing withdrew the questions because they had since been answered by this Court. Baird v. State, 553 So.2d 187, 189 (Fla. 1st DCA 1989).
[2] The testimony challenged in Collins was in fact admitted "to justify a basis for search and seizure." Collins v. State, 65 So.2d 61, 66 (Fla. 1953). However, although not made clear in this Court's analysis, the validity of the search and seizure was not an issue for the jury but was a determination to be made by the trial court "in an independent inquiry in the absence of the jury." 65 So.2d at 65.
[3] We note that it does appear that this was urged to the trial court as a basis for admitting the testimony.
[4] After the trial court's ruling, defense counsel failed to request a limiting instruction.
[5] The challenged testimony was made in response to the following question by the state:

Now, sir, in this particular case there has been some question come up about targeting this defendant and it was just selecting him out of all of these people to prosecute him. Would you explain to the members of the jury whether or not the defendant was picked on or targeted in this case.