570 So.2d 1390 (1990)
Leon MENSE, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-226.
District Court of Appeal of Florida, Third District.
December 18, 1990.
*1391 Reed C. Cary, Melbourne, for appellant.
Robert A. Butterworth, Atty. Gen., and Ivy R. Ginsberg, Asst. Atty. Gen., for appellee.
Before HUBBART, BASKIN and GODERICH, JJ.
PER CURIAM.
The defendant, Leon Mense, appeals his conviction for carrying a concealed weapon and the denial of his motion for new trial. We affirm.
Two persons [hereinafter referred to as the "two unnamed individuals"] informed the police that two individuals in a tan or brown pickup truck were in possession of a shotgun and were using it in a dangerous manner. Based on this information, the police issued a BOLO (Be On the Look Out) for the pickup truck. The police spotted a truck matching the description, stopped it, and ordered the defendant, who was the driver of the vehicle, and the other individual to exit the vehicle. They got out of the truck, leaving the doors open.
During trial, the defendant's attorney made a motion in limine requesting that the police not be permitted to mention the information they received from the two unnamed individuals. The trial court ruled that the police could testify as to "the contents of the BOLO, but not to the hearsay statements of the two unknown black males."
During trial there were references made to the information received from the two unnamed individuals. For example, Officer Jenkins testified that a BOLO was put out on the vehicle because the occupants of the vehicle flashed a weapon toward seven individuals in the street. The defense counsel objected to Jenkins' testimony and requested a mistrial on the grounds that it violated the trial court's prior ruling. The trial court sustained the objection, but denied the motion for mistrial. The trial court, however, gave the following curative instruction: "[A]ny statement made to this officer by individuals who have not or will not be called to testify are inadmissible and are not to be considered in the deliberation of your verdict."
During trial there was testimony as to the location of the shotgun in the pickup truck. For example, Officer Mote, one of the police officers who stopped the pickup *1392 truck, testified that when he approached the truck he could not see the shotgun even though the truck's doors were open. Additionally, he was not able to see the shotgun, which was lying across the hump on the floorboard in the center of the truck, until he leaned forward and put his head partially into the truck. Moreover, there was a blanket on the shotgun which exposed only three to four inches of the shotgun.
The defendant was found guilty of carrying a concealed weapon. This appeal follows.
First, the defendant contends that the trial court erred in refusing to grant the defendant's motion for mistrial based upon the testimony regarding the two unnamed individuals. We disagree.
A police officer may testify as to what he did pursuant to information he received from others; however, he may not testify as to the information itself if the information is hearsay. State v. Baird, 572 So.2d 904 (1990). "Under section 90.801(1)(c), Florida Statutes (1987), hearsay is defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered to prove the truth of the matter asserted." Baird, 15 FLW at S614, 572 So.2d at 906.
In the instant case, the State did not argue that the information was not "offered to prove the truth of the matter asserted." In fact the State repeatedly referred to the information as "hearsay evidence." Although, we conclude that the testimony was inadmissible hearsay, we nonetheless find that the State has met its burden of proving beyond a reasonable doubt that the error was harmless based on the overwhelming evidence presented against the defendant and the curative instruction given by the trial court. See Baird; State v. DiGuilio, 491 So.2d 1129 (Fla. 1986); Lane v. State, 430 So.2d 989 (Fla. 3d DCA 1983).
Second, the defendant contends that there was insufficient evidence to support his conviction for carrying a concealed weapon. We disagree.
The Supreme Court of Florida, in Ensor v. State, 403 So.2d 349 (Fla. 1981), stated that:
For a firearm to be concealed, it must be (1) on or about the person and (2) hidden from the ordinary sight of another person. The term `on or about the person' means physically on the person or readily accessible to him. This generally includes the interior of an automobile and the vehicle's glove compartment, whether or not locked. The term `ordinary sight of another person' means the casual and ordinary observation of another in the normal associations of life. Ordinary observation by a police officer does not generally include the floorboard of a vehicle, whether or not the weapon is wholly or partially visible.
Ensor, 403 So.2d at 354.
In the instant case, there can be no doubt that the shotgun was "on or about the person" since the shotgun was located on the floorboard of the front seat, and therefore readily accessible to the defendant. Second, the shotgun was "hidden from the ordinary sight of another person." Officer Mote testified that he could not see the shotgun, even though the door was open, until he leaned forward and put his head partially into the truck. Moreover, he testified that the shotgun was partially covered by a blanket. Under the circumstances, we find that the shotgun was "hidden from the ordinary sight of another person." Accordingly, we find that there was sufficient evidence to support the defendant's conviction for carrying a concealed weapon.
Affirmed.