FARMER, Judge.
From all the contentions of error, we find only one that deserves extended comment, and none that require a reversal.[1] Appellant contends that hearsay from a police officer was improper and requires a new trial. He likens the subject testimony to Harris v. State, 544 So.2d 322 (Fla. 4th DCA 1989) (police officer improperly testified that an informant told him that a described person was supplying him with cocaine); Baird v. State, 553 So.2d 187 (Fla. 1st DCA 1989), quashed, 572 So.2d 904 (Fla.1990) (officer’s testimony that he received information that defendant was operating a gambling operation was inadmissible); and Jones v. State, 577 So.2d 606 (Fla. 4th DCA 1991) (officer’s testimony that he came to scene because police dispatcher told him that victim was screaming was inadmissible).
In substance, the testimony was from an officer who was called to testify as to collateral crimes. See § 90.404(2), Fla. Stat. (1991). He had investigated a later robbery/aggravated assault that was nearly identical in its key facts to the one appellant was charged with here. Other officers had given him certain information which he “ran through a computer.” That, in turn, yielded a name. He then prepared an array of six photographs of different people, which he showed to two eyewitnesses of the later robbery. When asked what information had been given him by the other officers, the witness responded as follows:
The name that I received via police radio was the name of Bill Cosby as the individual being involved in the armed robbery.[2]
Appellant promptly interposed an objection, but the trial court overruled it. There was no request by appellant for a limiting instruction.
*1314 We agree with the state that the “information” was not inadmissible hearsay. It was not offered to show that appellant had committed the robbery, but instead to show why the witness prepared an array of photographs that included appellant’s. See § 90.801(1)(c), Fla.Stat. (1991). In effect, the officer was saying that he received information from other officers that someone using the name “Bill Cosby” was involved in the later robbery and that information, when analyzed by police computers, yielded the name of appellant as one using that name. When considered under Justice Ehrlich’s analysis of similar (though not identical) testimony in State v. Baird, 572 So.2d 904 (Fla.1990), it is inescapable that the officer’s statement was not offered to prove the truth of the assertion, but to furnish a link in a chain of evidence tying defendant with the crime charged.
Even if it had been error, it was harmless. The statement was a brief moment in the trial. Testimony by another officer, identical in substance, went without objection, and directly tied appellant to the crimes. Two eyewitnesses to the subject robbery positively identified appellant as the perpetrator. The pattern of events in the collateral crime was both identical to this one and just as idiosyncratic; and therefore it was properly admitted. As Justice Ehrlich did in Baird, 572 So.2d at 908, we too are able to say “there is no reasonable probability that the verdict was affected by this testimony.” See Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); State v. Lee, 531 So.2d 133 (Fla.1988); and § 924.33, Fla. Stat. (1991).
We therefore affirm both the conviction and the departure sentence.
AFFIRMED.
LETTS and POLEN, JJ., concur.

. At the state’s request and over defendant's objection, the trial judge gave a "flight instruction” to the jury. Even though appellant has not raised that issue on appeal, we note that in Fenelon v. State, 594 So.2d 292 (Fla.1992), decided after the briefs in this case had already been filed, the court directed that henceforth such an instruction not be given. That direction appears to be prospective only, and not as a holding that all "flight instructions” in the appellate pipeline be reversed as per se, prejudicial error.

. Later evidence showed that "Bill Cosby" was an alias used by appellant.