COPE, Judge.
Benny Elmer Laws appeals his conviction for possession of a firearm by a convicted felon. He contends that the trial court erred by admitting evidence of an uncharged crime. We agree and reverse.
At defendant’s trial, the arresting officer testified over relevancy and hearsay objections that the officer approached defendant because a short time previously, a citizen in the neighborhood informed the officer that he was the victim of an aggravated assault with a firearm. The defendant fit the description of the assailant. When the officer approached defendant, he observed a bulge under the defendant’s shirt which turned out to be a firearm. In the proceeding below, defendant was prosecuted solely on the firearm charge, not for aggravated assault. The victim of the alleged aggravated assault did not testify.
By motion in limine, defendant requested that the arresting officer be directed not to mention the facts of the alleged aggravated assault and, as indicated in State v. Baird, 572 So.2d 904 (Fla.1990), say simply that in approaching defendant the officer “acted upon a ‘tip’ or ‘information received,’ without going into the details of the accusatory information.” Id. at 908 (citation omitted). Defendant assured the court that he would raise no challenge to the legitimacy or reasonableness of the officer’s actions in approaching the defendant. The trial court denied the motion in limine, concluding that the details of the earlier citizen encounter were inseparably linked to the charged crime. The trial court erred in so ruling.
As stated in Baird:
[W]hen the only purpose for admitting testimony relating accusatory information received from an informant is to show a logical sequence of events leading up to an arrest, the need for the evidence is slight and the likelihood of misuse is great. In light of the inherently prejudicial effect of an out-of-court statement that the defendant engaged in the criminal activity for which he is being tried, we agree that when the only relevance of such a statement is to show a logical sequence of events leading up to an arrest, the better practice is to allow the officer to state that he acted upon a “tip” or “information received,” without going into the details of the accusatory information.
Id. at 908 (citation omitted); see also Conley v. State, 620 So.2d 180, 182 (Fla.1993). Since in this case the State’s only argument for introducing this testimony was to place events in a logical sequence, under the terms of Baird the trial court ruling was in error. The officer should have been directed to omit the details of the accusatory information and state only that he had acted on a “tip” or “information received.” *
*457 The judgment is reversed and the cause remanded for a new trial.

 Defendant also made a hearsay objection. This objection was well taken when made, although the officer's later testimony appears to bring the victim’s statement within the excited utterance *457 exception to the hearsay rule. See § 90.803(2), Fla. Stat.