707 So.2d 412 (1998)
Bernard Nathaniel JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1032.
District Court of Appeal of Florida, Fifth District.
March 20, 1998.
*413 James B. Gibson, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Maximillian J. Changus, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, Chief Judge.
Bernard Nathaniel Jackson ["Jackson"] timely appeals his conviction for robbery with a firearm and aggravated assault with a firearm. The charges stemmed from a robbery on March 6, 1996 of an International Diamond Center located on Sand Lake Road in Orlando, Florida. We reverse.
At trial, the detective assigned to the case testified that he had no leads until September, 1996 when he received a tip from an anonymous caller concerning the robbery. Defense counsel objected that testimony concerning the tip was hearsay. The court overruled the objection, stating, "No. It's not coming in for the truth, it's coming in for the fact that he heard it and he did something as a result of that. It's not hearsay." The state was then permitted to elicit the following information from the officer concerning the tip:
STATE: This concerned citizen informed you of what?
OFFICER: One of the subjects involved in the International Diamond Store [sic] lived at 1028 West South Street in apartment three.
STATE: Okay. Did you go there?
OFFICER: Yes.
STATE: Okay. Did you make a photo line-up?
OFFICER: Yes, I did.
Jackson contends that it was reversible error to permit Officer Hinkey to testify that he had received a tip that "[o]ne of the subjects involved in the International Diamond Store [sic] lived at 1028 West South Street in apartment three" and that Officer Hinkey had put together a photographic line-up using this information. Jackson relies on State v. Baird, 572 So.2d 904 (Fla.1990), in which the supreme court found it was error to permit a police officer to testify that he received a tip that the defendant, who was on trial for racketeering and bookmaking, was a major gambler operating a large gambling operation in the area. After finding that the statement was hearsay, the court rejected the argument that the evidence was admissible to show a logical sequence of events. The court explained:
We agree with the Fourth District Court of Appeal in Harris v. State, 544 So.2d 322, 324 (Fla. 4th DCA 1989), that when the only purpose for admitting testimony relating accusatory information received from an informant is to show a logical sequence of events leading up to an arrest, the need for the evidence is slight and the likelihood *414 of misuse is great. In light of the inherently prejudicial effect of an out-of-court statement that the defendant engaged in the criminal activity for which he is being tried, we agree that when the only relevance of such a statement is to show a logical sequence of events leading up to an arrest, the better practice is to allow the officer to state that he acted upon a "tip" or "information received," without going into the details of the accusatory information. 544 So.2d at 324.
Id. at 908.
The Baird rationale was recently extended to the repetition of less detailed statements from which it could be inferred that an informant had furnished police with evidence of the defendant's guilt. Wilding v. State, 674 So.2d 114 (Fla.1996). In Wilding, the court held that it was reversible error to permit a detective to testify that police had received an anonymous tip which named the defendant "in connection with the murder." The court rejected the argument that the testimony was admissible to explain a logical sequence of events, even though the information related by the officer was not as detailed as that involved in Baird. The court reasoned:
We recognize that the information received in the tip in this case was not detailed to the jury to the same extent as was the information received in Baird. However, similar evils are involved in both cases. As noted by the Third District Court of Appeal in Postell v. State, 398 So.2d 851, 854 (Fla. 3d DCA), review denied, 411 So.2d 384 (Fla.1981) (footnote omitted), where "the inescapable inference from testimony [concerning a tip received by police] is that a non-testifying witness has furnished the police with evidence of the defendant's guilt, the testimony is hearsay, and the defendant's right of confrontation is defeated, notwithstanding that the actual statements made by the non-testifying witness are not repeated."
Id. at 118-119. Baird and Wilding are controlling.
The state urges that, even if error occurred, Jackson's convictions should be affirmed because he has failed to show that the error was harmful, as now required by section 924.051(7), Florida Statutes (Supp.1996):
(7) In a direct appeal or a collateral proceeding, the party challenging the judgment or order of the trial court has the burden of demonstrating that a prejudicial error occurred in the trial court. A conviction or sentence may not be reversed absent an express finding that a prejudicial error occurred in the trial court.
"Prejudicial error" as defined by the statute means "an error in the trial court that harmfully affected the judgment or sentence." § 924.051(1)(a), Fla. Stat. (Supp.1996). Read literally and in isolation, the burden imposed by the statute to demonstrate that an error "harmfully affected the judgment or sentence" appears virtually impossible for a defendant to meet. It appears, therefore, that section 924.051(7) should be read in conjunction with section 924.33, Florida Statutes, the prior "harmless error" statute, which was not eliminated upon the enactment of section 924.051(7). Section 924.33 states:
924.33. When judgment not to be reversed or modified
No judgment shall be reversed unless the appellate court is of the opinion, after an examination of all the appeal papers, that error was committed that injuriously affected the substantial rights of the appellant. It shall not be presumed that error injuriously affected the substantial rights of the appellant.
We begin with the proposition that a statute must be construed so that it will be constitutional. See Russo v. Akers, 701 So.2d 366 (Fla. 5th DCA 1997); State v. Stalder, 630 So.2d 1072 (Fla.1994); Florida Department of Education v. Glasser, 622 So.2d 944 (Fla. 1993);. Our supreme court has held that under section 924.33, the burden imposed on the state was to show "beyond a reasonable doubt that the error complained of did not contribute to the [jury's recommendation] or, alternatively stated, that there is no reasonable possibility that the error contributed to the [outcome]." State v. DiGuilio, 491 So.2d 1129, 1138 (Fla.1986). When read in conjunction with section 924.33 and DiGuilio, we conclude a defendant meets the burden of section 924.051(7) if he demonstrates a "reasonable *415 possibility" that the error complained of contributed to the verdict.[1]
Using this standard, Jackson has met the burden of demonstrating a reasonable possibility that the error contributed to his conviction. In this case, the sole issue at trial was the identity of the robbers. The only evidence placing Jackson at the scene was the testimony of three eyewitnesses who were able to identify Jackson. Two of the witnesses testified that the robbers were wearing hats, and one testified that they were wearing sunglasses, indicating the robbers' faces were covered and would have been difficult to recognize. Additionally, all three eyewitnesses testified that the smaller robber was between 5'6" and 5'8" in height, while Jackson is 5'11". Finally, each of the eyewitnesses testified that the robber had no distinguishing characteristics, although Jackson has two gold caps on his front teeth which are plainly visible when he speaks. Jackson's conviction despite inconsistencies in the eyewitness' testimony demonstrates a reasonable possibility that the erroneous admission of hearsay evidence implicating the defendant contributed to his conviction.
Jackson also seeks reversal of his conviction because the prosecutor stated during closing argument that "there is no explanation and there is no other evidence anywhere else that Mr. Jackson was anywhere on March 6, 1996, but in that jewelry store." This comment was properly objected to by the defense.
The state contends that this is simply a comment on the uncontradicted nature of the state's evidence concerning the defendant's identity, i.e. that the statement can be viewed as the equivalent of a statement that all the of the evidence shows that the defendant was in the store at the time of the robbery. However, the comment goes beyond a mere statement that the state's eyewitness and identification testimony was essentially uncontradicted and uncontroverted, in that it obliquely suggests that Jackson had failed to prove an alibi defense (e.g. he had failed to show that he was "anywhere else").
Based on these two errors, Jackson is entitled to a new trial.
REVERSED and REMANDED.
W. SHARP and HARRIS, JJ., concur.
NOTES
[1] The Fourth District appears to have held that errors are "prejudicial" within the meaning of section 924.051(7) to the extent they cannot be considered harmless beyond a reasonable doubt. Ferguson v. State, 697 So.2d 979 (Fla. 4th DCA 1997).