786 So.2d 21 (2001)
Robert TOSTA, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1690.
District Court of Appeal of Florida, Fourth District.
April 18, 2001.
Rehearing Denied May 18, 2001.
Carey Haughwout, Public Defender, and Margaret Good Earnest, Assistant Public Defender, West Palm Beach, for appellant.
*22 Robert A. Butterworth, Attorney General, Tallahassee, and Bart Schneider, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
We reverse appellant's conviction for grand theft auto and resisting arrest without violence based on the admission of inadmissible hearsay testimony.
On December 17, 1998, Detective Oman observed appellant drive past his parked unmarked police car two or three times. The officer ran the license tag and began to follow appellant. Another Sheriff's deputy also followed appellant in a marked patrol car. When Detective Oman attempted to effect a traffic stop, appellant refused to stop the vehicle and instead attempted to flee. A chase ensued, involving several marked police cars pursuing appellant onto I-95, with appellant finally being apprehended in a heavily wooded area off of the highway. Appellant resisted arrest and had to be restrained. After his arrest, Detective Oman viewed the vehicle appellant was driving and found that the ignition had been punched and the lock broken out. After being transported to the police station, appellant stated that he had not stolen the car, but instead found it running, got in it and drove it away.
At trial, the victim did not testify. Instead, the victim's vehicle registration form was admitted into evidence in order to establish that appellant did not own the vehicle. Over appellant's objection, the following hearsay testimony was admitted during Detective Ziegler's testimony:
Q. When did you personally first see Mr. Tosta?
A. It was at the end of the chase when, you know, when we finally got him handcuffed.
Q. Now, you say there was a chase. Do you know anything about this chase?
A. It was in reference to a stolen vehicle.
[Defense]: Objection, Judge.
The Court: Sustained.
Q. Without telling me what anybody has told you, how did you become involved in this incident?
A. I heard on the radio Detective Oman.
[Defense]: Objection, Judge. Hearsay.
The Court: Overruled.
[State]: Thank you.
A. Detective Oman was behind the vehicle that was unconfirmed stolen.
[Defense]: Objection, Judge. Can I ask for sidebar?
(Thereupon, the following proceedings were had at sidebar:)
. . .
[Defense]: Judge, this testimony is all based on hearsay. You sustained the objection regarding hearsay coming in as a stolen vehicle. We move to strike and we move for curative instruction. We move for mistrial.
[State]: Judge, again, it's res [g]estae, goes to show why the officer[']s at the scene and what he's dealing with.
[Defense]: Going to truthful matter, Judge. The charge is grand theft.
[State]: Not all for the truth of the matter, offered for why the officer takes the action.
The Court: Well, he can be more limiting in his testimony. I thought you were going to take care of it. Overrule the objection. Deny the motion for mistrial.
We hold that the trial court abused its discretion in denying appellant's motion for mistrial. See Goodwin v. State, 751 So.2d 537, 546 (Fla.1999). A motion *23 for mistrial should be granted only when it is necessary to ensure that the defendant receives a fair trial. See id. Whether a trial court should grant a mistrial is within that court's discretion, and a mistrial should not be granted unless an absolute legal necessity to do so exists. See White v. Consol. Freightways Corp. of Del., 766 So.2d 1228 (Fla. 1st DCA 2000).
In keeping with the law of this State, we reject the state's argument that the officer's hearsay testimony regarding the content of a radio dispatch was offered "for why the officer takes the action" and hold that such testimony was inadmissible. In Conley v. State, 620 So.2d 180, 183 (Fla.1993)(citing State v. Baird, 572 So.2d 904 (Fla.1990)), the Florida Supreme Court held that the inherently prejudicial effect of admitting into evidence an out-of-court statement relating accusatory information only to establish the logical sequence of events outweighs the probative value of such evidence, rendering it inadmissible.
In Conley, the trial judge admitted a police dispatch report that a man was chasing a woman down the street with a gun or rifle and then argued in closing that such testimony helped prove that the defendant used the rifle to commit armed burglary, armed sexual battery and armed robbery. In reversing, the court held that regardless of the purpose a party claims it has offered the evidence, when an out-of-court statement is used as evidence to prove the truth of the matter asserted, such statement constitutes hearsay and falls within no recognized exception to the rule of exclusion. See Conley, 620 So.2d at 183. Even if such testimony was not used to prove the truth of the matter asserted, the contents of the statement were not relevant to establish a logical sequence of events, nor was the reason why officers arrived at the scene a material issue in the case. See id. (citing Baird, 572 So.2d at 908); Harris v. State, 544 So.2d 322 (Fla. 4th DCA 1989)(en banc).
Recently, the Florida Supreme Court reexamined the law in Keen v. State, 775 So.2d 263, 274 (Fla.2000), and reaffirmed its prior holdings in Baird, Conley and Wilding v. State,[1] 674 So.2d 114 (Fla.1996). "When the only possible relevance of an out-of-court statement is directed to the truth of the matters stated by a declarant, the subject matter is classic hearsay even though the proponent of such evidence seeks to clothe such hearsay under a nonhearsay label." Id. In Keen, a police officer was permitted to testify that the police received information from two insurance companies and the brother of the accused linking him to the murder of the defendant's wife, under the theory of explaining a police investigation. The state argued that the testimony was necessary to show a sequence of events. The court rejected such contention and held that an alleged sequence of events leading to an investigation and an arrest is not a material issue in this type of case. See id.
In Schaffer v. State, 769 So.2d 496 (Fla. 4th DCA 2000), this court followed Keen and held that the trial court erred in admitting police officers' testimony that after speaking with a confidential informant who told them that he set up a buy-bust transaction with defendant, the officers drove to a parking lot where they waited for the defendant in his specific automobile and *24 arrested him upon his arrival. Other than the implication of the hearsay that the defendant agreed to sell narcotics, the state offered no proof of his connection with any illegal conduct. See id. at 500. In holding such testimony to be inadmissible, the court explained that where the implication from in-court testimony is that a non-testifying witness has made an out-of-court statement offered to prove the defendant's guilt, the testimony is not admissible. See id. at 498. The court held that under Baird and Conley, the inherently prejudicial effect of admitting into evidence an out-of-court statement relating accusatory information to establish the logical sequence of events outweighs the probative value of such evidence. See id. at 500. Moreover, the state failed to dispel the showing of prejudice, and thus, the error could not be said to be harmless. See id.
In this case, the trial court recognized that Detective Ziegler's testimony should have been more limited as to why he joined in the chase. Clearly, the officer's repeated reference to chasing an unconfirmed stolen vehicle was inherently prejudicial and outweighed its relevance in showing the logical sequence of events leading up to appellant's arrest. Despite the state's argument to the contrary, the hearsay information was offered for the truth of the matter asserted. Without the officer's testimony, the only evidence submitted which supported the fact that the car was stolen by appellant was the vehicle registration form and appellant's statement that he found the car running and drove it away. In light of the fact that the evidence did not conclusively demonstrate that appellant stole the car, such error cannot be considered harmless. See Stribbling v. State, 778 So.2d 452, 455 (Fla. 4th DCA 2001)(the burden to show the error in improper testimony was harmless remains on the state). Accordingly, this matter must be remanded for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
WARNER, C.J., and POLEN, J., concur.
NOTES
[1] In Wilding v. State, 674 So.2d 114, 118 (Fla.1996), the court disapproved of the prosecutor asking the officer if a tip identified the defendant by name. The court held that while it might have been permissible to allow the detective to testify that police began the investigation because of a tip or information received, the testimony went beyond that authorized in Baird.