842 So.2d 1041 (2003)
Alfred HURST, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-896.
District Court of Appeal of Florida, Fourth District.
April 23, 2003.
*1042 Carey Haughwout, Public Defender, Susan D. Cline, Assistant Public Defender and Sherry Schwartz, Certified Legal Intern, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
During a trial that resulted in defendant's conviction for possession with intent to sell cocaine, the state questioned a police officer as follows:
STATE: [D]id you have an occasion to come in contact with the defendant, Alfred Hurst?
WITNESS: Yes, I did.
STATE: Could you describe that for us?
WITNESS: I was contacted by a confidential informant who advised me that he or she could
DEFENSE: Objection, hearsay.
COURT: Overruled.
WITNESS: That the subject was selling narcotics at a certain location in the city of Hollywood.
STATE: Based on the information received, what did you do?
WITNESS: I contacted other members of the team that were working that night and I drove by with the confidential informant into the target location where he and or she pointed out the subject to me.
Defendant argues on appeal that it was reversible error to admit this testimony, and we agree.
In State v. Baird, 572 So.2d 904 (Fla. 1990), the court held:
"when the only purpose for admitting testimony relating accusatory information received from an informant is to *1043 show a logical sequence of events leading up to an arrest, the need for the evidence is slight and the likelihood for misuse is great. In light of the inherently prejudicial effect of an out-of-court statement that the defendant engaged in the criminal activity for which he is being tried, we agree that when the only relevance of such a statement is to show a logical sequence of events leading up to an arrest, the better practice is to allow the officer to state that he acted upon a `tip' or `information received' without going into the details of the accusatory information."
572 So.2d at 908. Later in Conley v. State, 620 So.2d 180 (Fla.1993), the court said of the same kind of testimony:
"Even if we were to conclude that the testimony was not used to prove the truth of the matter asserted, the contents of the statement were not relevant to establish a logical sequence of events, nor was the reason why officers arrived at the scene a material issue in the case. As we said in Baird, the inherently prejudicial effect of admitting into evidence an out-of-court statement relating accusatory information to establish the logical sequence of events outweighs the probative value of such evidence. Such practice must be avoided."
620 So.2d at 183. Still later in Wilding v. State, 674 So.2d 114 (Fla.1996), receded from on other grounds in Devoney v. State, 717 So.2d 501 (Fla.1998), the court faced the same kind of testimony and commented:
"Even if the testimony was offered simply to show the logical sequence of events regarding the murder investigation, its probative value clearly was outweighed by its prejudicial effect. As a general rule, the investigation leading to the defendant's arrest is not at issue in a criminal trial. Placing information before the jury that a non-testifying witness gave police reliable information implicating the defendant in the very crime charged clearly could affect the verdict. More importantly, because Wilding could not cross-examine the unidentified witness, admission of this testimony violated his confrontation rights."
674 So.2d at 119. And more recently, in Keen v. State, 775 So.2d 263 (Fla.2000), the court said of the same kind of evidence:
"This case closely parallels Wilding in that `the clear inference to be drawn from [Amabile's] testimony' was that the insurance industry with its resources had investigated the disappearance and discovered a murder, that Keen's own brother had implicated him in the murder, and that `the information received was reliable because it had been verified by police who talked to [Shapiro].' Wilding, 674 So.2d at 119. As a result, `the jury was led to believe that [the insurance companies and defendant's brother], who did not testify and [were] not subject to cross-examination, had given the police evidence of [Keen's] guilt, evidence that upon investigation proved to be reliable.' Id. Because Wilding is squarely on point with regard to this type of testimony, we must next determine whether the error here was properly preserved and the standard of review we should apply in our analysis."
775 So.2d at 274. As to the state's contention that the testimony was admissible to show a sequence of events, the court said:
"We reject such contention. First, this Court clearly instructed in Baird, reaffirmed in Conley, and confirmed in Wilding that an alleged sequence of events leading to an investigation and an arrest is not a material issue in this type of case. Therefore, there is no relevancy for such testimony to prove or establish such a nonissue. When the only *1044 possible relevance of an out-of-court statement is directed to the truth of the matters stated by a declarant, the subject matter is classic hearsay even though the proponent of such evidence seeks to clothe such hearsay under a nonhearsay label."
Id.
We face the very circumstances in this case condemned by the court in this sequence of cases. Here the statement was not necessary to establish a logical chain of events, and the reason why the officers were at the scene was not a material issue. The information imparted to the officer by the informant effectively placed defendant in the commission of the very crime for which he stood trial. See also Schaffer v. State, 769 So.2d 496, 498 (Fla. 4th DCA 2000) ("Where the implication from in-court testimony is that a non-testifying witness has made an out-of-court statement offered to prove the defendant's guilt, the testimony is not admissible."); Stribbling v. State, 778 So.2d 452 (Fla. 4th DCA 2001) (finding reversible error where detective improperly testified that he received a telephone message in which the defendant was named as a perpetrator). If the tip was so important to the state's case, the procedure was clear. The state needed to call the informant as a witness, and let the witness be confronted by defense counsel.
The error in admitting this evidence was not harmless. Goodwin v. State, 751 So.2d 537, 542 (Fla.1999) (finding that the state must prove beyond a reasonable doubt that the error did not contribute to the verdict); Wilding, 674 So.2d at 114 ("Placing information before the jury that a non-testifying witness gave police reliable information implicating the defendant in the very crime charged clearly could affect the verdict.").
Because the case must be retried we also comment that we find error in excluding defense evidence based on an alleged discovery violation. Though the court did find a discovery violation, the court failed to determine whether the violation was inadvertent or willful, trivial or substantial, and what effect it had on the state's ability to prepare for trial. In Tarrant v. State, 668 So.2d 223 (Fla. 4th DCA 1996), the trial court failed to make a formal finding as to whether a discovery violation was trivial or substantial, whether it was willful or inadvertent, or whether it had any impact on the defendant's ability to prepare for trial. Similarly, in this case, the court failed to make the same findings. On retrial the court should not refuse to admit the evidence because of the alleged discovery violation, as the concerns at trial surrounding it have long since been vitiated by this appeal.
REVERSED AND REMANDED FOR NEW TRIAL.
STEVENSON and HAZOURI, JJ., concur.