THOMPSON, J.
We affirm the convictions for attempted trafficking in heroin, possession of marijuana, and possession of drug paraphernalia.
We agree that the court should not have allowed a police officer to testify that he received a tip that Alvelo was processing and dealing in heroin from his home. The only non-hearsay relevance of this testimony was to explain why the police had focused their attention on Alvelo. In such a case “the better practice is to allow the officer to state that he acted upon a ‘tip’ or ‘information received,’ without going into the details of the accusatory information.” State v. Baird, 572 So.2d 904, 908 (Fla.1990). Nevertheless, based on Alvelo’s admissions to a police officer, his knowledge that the “material” was hidden under the insoles of his visitor’s shoes, and the evidence of drug dealing in the home, we conclude that the error was harmless because it could not have affected the verdict. See State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986).
AFFIRMED.
GRIFFIN, J., concurs.
TORPY, J., concurs specially, without opinion.