IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RICHARD SUMMERALL,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-1256

Opinion filed July 14, 2015.

An appeal from the Circuit Court for Suwannee County.
David W. Fina, Judge.

Nancy A. Daniels, Public Defender, and Gail E. Anderson, Assistant Public
Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Lauren Brudnicki, Assistant Attorney
General, Tallahassee, for Appellee.

SWANSON, J.

    This is a direct criminal appeal from a judgment and sentence for burglary

with assault while armed and resisting an officer without violence. Appellant has

argued two points for reversal. We find merit in appellant's argument under Point

II and reverse and remand for a new trial. As a result, we need not address Point I.

Under Point II, appellant challenges the trial court's decision to permit the victim, Stacay Hawkins, to testify regarding the content of telephone calls she participated in between herself and appellant's mother. Just prior to the night of the incident leading to appellant's charges, Hawkins had ended a six-month relationship with appellant. This left appellant infuriated. On the evening of August 19, 2013, appellant arrived at Hawkins' home and knocked on her front door. Hawkins asked who was there, and when she learned it was appellant, she asked him to wait while she got dressed. Instead, she called the police and ushered her children into the back room. When she turned around, however, she saw her seventeen-year-old son, Stacie, walking into the house through the front door with appellant in tow. Appellant angrily demanded to know where the "other man" was hiding in the house, and proceeded to search for him. When appellant's search proved fruitless, Hawkins demanded he leave and walked him to the door. As Hawkins was about to close the door, her cell phone rang and appellant slapped it out of her hand. Hawkins tried to close the door, but appellant prevented her from doing so by placing his foot in the doorway. He told Hawkins he had something for her. When he reached into his pocket, Hawkins saw the "silver part" of a gun. She shouted that appellant had a gun and, with the assistance of her son, managed to shut the door. Appellant was still standing on the front porch when the police arrived.

2

During her testimony at appellant's trial, Hawkins revealed that prior to appellant's arrival at her home, she received a telephone call from his mother, Mary Summerall. When the prosecutor asked what Ms. Summerall said to her, defense counsel objected on the basis of hearsay. The prosecutor responded that Ms. Summerall's statement was not being offered for the truth of the matter asserted but for "the effect on the listener," which she claimed was a "material element." The trial court overruled the objection and Hawkins was permitted to testify that Ms. Summerall told her to call the police because appellant was in the yard with a gun and had told her he was going to Hawkins' house to put four bullets in her head. Hawkins further testified that Ms. Summerall called a second time, and, again, over defense objection, Hawkins was allowed to testify to what she said. According to Hawkins, Ms. Summerall told her to call the police because appellant was going to shoot her and was on his way over to her house.

We agree with appellant's argument that the testimony concerning Mary Summerall's calls constituted hearsay as defined in section 90.801(1)(c), Florida Statutes. In <u>Keen v. State</u>, 775 So. 2d 263, 274 (Fla. 2000), the Florida Supreme Court observed, "[w]hen the only possible relevance of an out-of-court statement is directed to the truth of the matters stated by the declarant, the subject matter is classic hearsay even though the proponent of such evidence seeks to clothe such hearsay under a nonhearsay label." <u>See also</u> <u>Conley v. State</u>, 620 So. 2d 180, 183-

3

84 (Fla. 1993) (holding trial court erred in permitting a police officer to testify as to the contents of a dispatch he heard over his radio to the effect that a man was chasing a girl with a gun, emphasizing that "[r]egardless of the purpose for which the State claims it offered the evidence, the State *used* the evidence to prove the truth of the matter asserted").*

We also agree with appellant that the state has failed to carry its burden of proving the error was harmless beyond a reasonable doubt. The state argues the error was harmless due to the "overwhelming evidence" against appellant. That is not a correct statement of the law as concerns the harmless error analysis. The Florida Supreme Court has cautioned that the harmless error test "is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test"; instead, the "focus is on the effect of the error on the trier-of-fact." State v. DiGuilio, 491 So. 2d 1129, 1139 (Fla. 1988). Applying that test, we conclude it cannot be shown that the admission of Mary Summerall's statements did not have an effect on the jury. Such statements were highly

---

* Even were we to conclude that Ms. Summerall's statements were not hearsay,
> the *contents* of the statement[s] were not relevant to establish a logical sequence of events, nor was the reason why officers arrived at the scene a material issue in the case. . . . . [T]he inherently prejudicial effect of admitting into evidence an out-of-court statement relating accusatory information to establish the logical sequence of events outweighs the probative value of such evidence. Such practice must be avoided.

Conley, 620 So. 2d at 183 (citations and internal quotation marks omitted).

4

accusatory and could only have been viewed by the jury as such, and their admission was "'inherently prejudicial.'" <u>Conley</u>, 620 So. 2d at 183 (quoting <u>State v. Baird</u>, 572 So. 2d 904, 907 (Fla. 1990)). For this reason, therefore, we hold the trial court's error was not harmless and appellant is entitled to a new trial.

REVERSED and REMANDED for further proceedings consistent with this opinion.

ROWE, J., CONCURS IN RESULT ONLY; WOLF, J., CONCURS WITH OPINION.

WOLF, J., Concurring.

I concur in the result in this case. The victim's testimony concerning the mother's statements of what appellant told her was predominantly being introduced for the truth of the matter asserted: "he was going to put four bullets in her head." This testimony constituted inadmissible hearsay. See Kennedy v. State, 385 So. 2d 1020 (Fla. 5th DCA 1980) (holding that a statement of murder victim that the defendant intended to kill the victim in the future constituted inadmissible hearsay).

The statements made shortly before the assault took place, however, are relevant and material to demonstrate appellant's intent to threaten to do violence to the victim and whether the victim had a well-founded fear of violence. See Castanon v. State, 39 Fla. L. Weekly D1600 (Fla. 4th DCA July 30, 2014) (holding that threatening statements that the defendant made immediately after a burglary were relevant to show his intent to commit an assault during the burglary). Therefore, if the mother herself had testified as to the defendant's statements which she conveyed to the victim or if appellant had directly conveyed the threats to the victim, the evidence would be admissible as an admission under section 90.803(18), Florida Statutes (2014). See Christopher v. State, 583 So. 2d 642 (Fla. 1991) (holding that testimony of defendant's daughter that defendant had told her that he and victim had fought was admissible as an admission).

6