# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**LEVARES CONYERS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-3790

[ July 17, 2019 ]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara Anne McCarthy, Judge; L.T. Case No. 09-12338 CF10B.

Carey Haughwout, Public Defender, and Mara C. Herbert, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

TAYLOR, J.

Levares Conyers appeals his judgment of conviction and sentence for trafficking by purchase of oxycodone. We reverse for a new trial because the trial court erred in admitting hearsay testimony from a police officer about highly prejudicial information he received from a non-testifying confidential informant. Also, because the record indicates that the trial court failed to make an independent determination of appellant's competency at the time of trial, we direct the trial court to conduct a competency hearing before trial on remand.

After a reverse sting operation, appellant was charged by amended information with trafficking in oxycodone by possession (Count I), trafficking in oxycodone by purchase (Count II), and trafficking in morphine (Count IV). Counts III and V of the information alleged offenses committed by a co-defendant. Before trial, the court found that there were reasonable grounds to believe appellant was not competent to proceed to trial and entered orders appointing experts to determine appellant's competency after. The record, however, does not show that the trial court

conducted a competency hearing or entered an order finding appellant competent to proceed.[1]

At trial, the undercover officer who conducted the drug buy testified that before the sting operation, a confidential informant told the officer that a six-foot-tall, heavy-set black male known as Angel, who drove a two-door red Ford F-150 pickup truck, was "interested in purchasing large quantities of prescription pills in the City of Hollywood." The officer testified that the informant also gave him Angel's phone number. With the description and phone number provided by the informant, the officer identified appellant as Angel and began his investigation.

Appellant objected to the officer's testimony and moved for a mistrial. He argued that the officer's testimony about the confidential informant's comments about appellant was hearsay and improperly suggested that appellant had a propensity to purchase large amounts of opiates. The State argued that the statements were not hearsay because they were not offered for the truth of their content but were intended to show the effect on the listener, i.e., the police officer, who then opened an investigation. The trial court denied the motion.[2]

The jury found appellant not guilty of trafficking in oxycodone by possession (Count I) and trafficking in morphine (Count IV) but found him guilty of trafficking in oxycodone by purchase (Count II). The trial court sentenced appellant to seven years in prison, with a mandatory minimum of three years, to be followed by three years of drug offender probation.

A trial court's ruling on a motion for mistrial is reviewed on appeal for an abuse of discretion. *Salazar v. State*, 991 So. 2d 364, 371 (Fla. 2008). "A motion for mistrial should be granted only when it is necessary to ensure that the defendant receives a fair trial." *Cole v. State*, 701 So. 2d 845, 853 (Fla. 1997). Whether a statement is hearsay is a legal question that is subject to de novo review. *Padgett v. State*, 73 So. 3d 902, 904 (Fla. 4th DCA 2011). Also, "whether evidence is admissible in evidence under an exception to the hearsay rule is a question of law . . . [subject to] the de novo standard of review." *Browne v. State*, 132 So. 3d 312, 316 (Fla. 4th DCA 2014) (quoting *Powell v. State*, 99 So. 3d 570, 573 (Fla. 1st DCA

---

[1] On appeal, the State concedes error on this issue and supports a remand for the trial court to conduct a nunc pro tunc competency hearing.

[2] The court also denied motions for mistrial based on the use of the informant's out-of-court statements after the State's opening argument and again during the State's closing argument.

2012)).

In *State v. Baird*, 572 So. 2d 904, 905 (Fla. 1990), the Florida Supreme Court held that it was error[3] for the trial court to permit an investigator to testify on direct examination that he had obtained information that the defendant, on trial for racketeering and bookmaking, was a major gambler operating a gambling business in the area. The court noted that at the time of the elicited testimony, the investigator's motive for investigating the defendant was not a material fact in issue. *Id.* at 908. The court further explained:

> [W]hen the only purpose for admitting testimony relating accusatory information received from an informant is to show a logical sequence of events leading up to an arrest, the need for the evidence is slight and the likelihood of misuse is great. In light of the inherently prejudicial effect of an out-of-court statement that the defendant engaged in the criminal activity for which he is being tried, we agree that when the only relevance of such a statement is to show a logical sequence of events leading up to an arrest, the better practice is to allow the officer to state that he acted upon a "tip" or "information received," without going into the details of the accusatory information.

*Id.* (citing *Harris v. State*, 544 So. 2d 322, 324 (Fla. 4th DCA 1989)).

In *Saintilus v. State*, 869 So. 2d 1280, 1281-82 (Fla. 4th DCA 2004), we held that it was reversible error for the trial court to permit two detectives to testify that during their investigation police obtained the alias of a possible perpetrator of a shooting and that an officer identified the defendant as the owner of the alias. Similarly, in *Wilding v. State*, 674 So. 2d 114, 118 (Fla. 1996), *receded from on other grounds by Devoney v. State*, 717 So. 2d 501 (Fla. 1998), the Florida Supreme Court held that it was reversible error for the trial court to admit "testimony that the lead detective in the murder investigation received an anonymous tip that named [the defendant] in connection with the murder."

In this case, the trial court erred in allowing the officer to give inherently prejudicial hearsay testimony regarding appellant's alleged drug activity in

---

[3] The Florida Supreme Court deemed the error harmless because the investigator's testimony would have been admissible on redirect, after the defense had put the investigator's motive at issue by attempting to establish during cross-examination that the defendant had been targeted for prosecution. *Id.* at 908.

the community.  The State's contention that this testimony was not hearsay is simply wrong. Even if the informant's statements were not offered for their truth, they were irrelevant, because the police officer's reason for investigating appellant was immaterial.  *See Baird*, 572 So. 2d at 908.  Moreover, the risk of unfair prejudice outweighed any probative value.  The error was not harmless, *see State v. DiGuilio*, 491 So. 2d 1129 (Fla. 1986).  Accordingly, we reverse the judgment of conviction and remand for a new trial.

Because it appears that the trial court failed to conduct an independent competency determination at the time of trial, we instruct the court to conduct a hearing to determine appellant's competency before retrial on remand.

*Reversed and Remanded.*

GROSS and CIKLIN, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**