PER CURIAM.
Appellant Eric Calloway appeals his convictions and sentences for sexual battery upon a child and false imprisonment.
He argues that the investigating officer should not have been allowed to testify about the contents of a BOLO the officer received from the police dispatcher. We agree and find reversible error. The officer testified that the dispatcher told him that a bar manager had reported that a black female child [victim] had run into the bar crying hysterically and said that a man Eric [appellant] who was staying with her *653 grandmother had tried to make her take off her clothes before she ran out of the house. The manager never testified at trial. Appellant testified that he did not commit the sexual battery and only the child testified that he did.
As this court stated in Cooper v. State, 573 So.2d 74, 75 (Fla. 4th DCA 1990), although it is permissible to permit the contents of a BOLO into evidence to show a logical sequence of events, only that information essential to establish that logical sequence is admissible, not accusatory remarks. See also Harris v. State, 544 So.2d 322 (Fla. 4th DCA 1989). The officer’s testimony about the name of the suspect, where the crime took place, and how the crime occurred were not essential to show a logical sequence of events. That testimony constituted inadmissible hearsay and because it bolstered the child’s testimony, we conclude that the state has failed to meet its burden of proving that there is no reasonable possibility that such error contributed to appellant’s convictions. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Appellant also argues that the testimony of a hospital nurse included statements of the child that were unrelated to medical diagnosis or treatment. § 90.-803(4), Fla.Stat. (1991). The nurse testified:
Basically I asked her if she knew why she had been brought here, and she basically told me that she had been spending the night at her grandmother’s and Eric was getting her nightgown and then, in quotes, ‘He locked the door and told me to take my clothes off. He took his clothes off....’
Again, we agree. But, on retrial the nurse can testify as she did that the child told her “He squeezed my stomach, licked my privates and put his private inside.”
REVERSED AND REMANDED FOR A NEW TRIAL.
GARRETT and FARMER, JJ., concur.
DELL, J., concurs in result only.