619 So.2d 409 (1993)
Dayle SHAFFER, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1880.
District Court of Appeal of Florida, Fourth District.
June 2, 1993.
*410 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant challenges his conviction and sentence for armed robbery claiming that the trial court reversibly erred in failing to grant a mistrial when a police officer testified that a non-testifying witness identified appellant as one of the robbers. In addition appellant challenges the admission of the hearsay contents of a BOLO. We agree that the cumulation of these two errors requires reversal.
A Farm Store grocery was robbed late one evening. Present in the store were two clerks. One was at the register, and one was in the food cooler. Two men entered the store wearing ski masks and holding guns. The store clerk at the register was the only eye witness to testify, and he could not identify the robbers. He could not definitively say even if they were black or white. After the perpetrators left, both he and the female store clerk in the cooler called 911 but it was the female clerk who described the incident to the police.
Over the objection of the appellant, one of the arresting officers was allowed to testify that he received a BOLO for two black males last seen running east-bound from the Farm Store and wearing dark clothing with ski masks. As has been repeatedly held by various courts, the contents of a BOLO are generally inadmissible in that they contain incriminating hearsay details unnecessary to establish a logical sequence of events. See State v. Baird, 572 So.2d 904 (Fla. 1990); Calloway v. State, 588 So.2d 652 (Fla. 4th DCA 1991); Jones v. State, 577 So.2d 606 (Fla. 4th DCA 1991); Cooper v. State, 573 So.2d 74 (Fla. 4th DCA 1990). Here the information contained in the BOLO, particularly with respect to the suspects being black males, was obtained from the non-testifying female clerk. While the state argues that the other clerk testified to the same facts detailed in the BOLO we find it particularly significant that he could not testify as to the race of the suspects, yet that evidence was placed before the jury with the admission of the BOLO.
A second officer also testified that when he brought the suspects back to the store for a show up, the female clerk identified appellant. While the court sustained the objection to the hearsay statement and instructed the jury to disregard it, it denied the motion for mistrial. We regard the hearsay statement identifying appellant as the perpetrator of the robbery as being so thoroughly prejudicial that it cannot be cured by a simple admonition to disregard it under the facts of this case. See Bates v. State, 422 So.2d 1033 (Fla. 3d DCA 1982). No one else was able to make any identification of the suspects, and the rest of the state's case was made up entirely of circumstantial evidence. Therefore, in this case we believe that the trial court abused its discretion in failing to grant the mistrial.
The effect of these two errors was to place before the jury the testimony of the only person able to provide eyewitness identification of appellant, even though she did not testify. We have examined the record to determine whether the harmless error doctrine may be applied, State v. DiGuilio, 491 So.2d 1129 (Fla. 1986), and conclude that we cannot say beyond a reasonable doubt that the error did not affect the verdict. We therefore reverse and remand for a new trial.
DELL, WARNER and POLEN, JJ., concur.