PER CURIAM.
Jones appeals his conviction and sentence for armed robbery. Jones argues that the trial court erred in admitting hearsay statements contained in a-BOLO and in failing to grant a mistrial when a police officer testified that Jones’ eodefendant was identified by a store clerk who did not testify at trial. In a separate appeal, this court recently reversed the conviction and sentence of Jones’ code-fendant based on the same issues raised in this appeal. Shaffer v. State, 619 So.2d 409 (Fla. 4th DCA1993). Likewise, we reverse Jones’ conviction and sentence and remand for a new trial.
At trial, the State elicited testimony from one of the arresting officers regarding the contents of a BOLO. In particular, the BOLO contained information from a store clerk, who did not testify at trial, with respect to the race of the suspects. The BOLO was the only evidence presented to the jury concerning the race of the suspects. “As has been repeatedly held by various courts, the contents of a BOLO are generally inadmissible in that they contain incriminating hearsay details unnecessary to establish a logical sequence of events.” Shaffer, 619 So.2d at 410.
*1292 Another officer testified that when he brought the suspects back to the store for a show up, the store clerk, who did not testify at trial, identified Jones’ codefendant. Although the trial court sustained the objection to this hearsay statement and instructed the jury to disregard it, the trial court denied the motion for mistrial. We find, however, that the hearsay statement identifying Jones’ codefendant as a perpetrator was prejudicial to Jones since the suspects were apprehended together and brought back to the store for identification. See Postell v. State, 398 So.2d 851, 856 (Fla. 3d DCA), rev. denied, 411 So.2d 384 (Fla.1981). At trial, no witness identified Jones or his codefendant, and the state’s case consisted entirely of circumstantial evidence.
Because we cannot conclude that these two errors did not affect the verdict, we reverse Jones’ conviction and sentence and remand for a new trial.
REVERSED AND REMANDED.
HERSEY, GUNTHER and WARNER, JJ., concur.