845 So.2d 301 (2003)
Antonio TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-4463.
District Court of Appeal of Florida, Second District.
May 16, 2003.
*302 James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Danilo Cruz-Carino, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Chief Judge.
Antonio Taylor appeals his judgments and sentences for carrying a concealed firearm[1] and felon in possession of firearm.[2] We reverse and remand for a new trial because the State was repeatedly permitted to introduce prejudicial hearsay evidence from the dispatch provided to the arresting officers. See Conley v. State, 620 So.2d 180 (Fla.1993).
On December 24, 1999, two Lee County deputy sheriffs were dispatched to Pop's Grocery at approximately noon. They were told that a man in a white Ford pickup truck near the store was waving around a gun. The deputies arrived within five minutes. Inside a white Ford pickup truck, they observed one passenger, later identified as Mr. Taylor. They did not see a gun and initially did not observe Mr. Taylor acting suspiciously. They approached the vehicle, apparently for a citizen's encounter, but Mr. Taylor's furtive actions quickly transformed the event into a Terry[3] stop. The deputies ordered Mr. Taylor out of the car. He did not comply, and they discovered that the truck's passenger door was broken or jammed. The deputies removed Mr. Taylor through the passenger door window. He did not possess a gun. A search of the vehicle produced a .44 magnum revolver that was in the space between the passenger door and the seat. Thus, the revolver was found within reach of Mr. Taylor. The owner of the pickup was located in the store. He denied that the gun was his or that it had been in the pickup before Mr. Taylor entered the vehicle a short time prior to these events. Subsequent tests did not detect fingerprints on this gun.
At trial, it was conceded that Mr. Taylor was a felon. There was no serious dispute that the revolver was concealed and readily accessible to Mr. Taylor. The primary dispute concerned whether Mr. Taylor knew the gun was a few inches from his right hand or whether it was so well concealed *303 that he had gotten into the pickup without realizing the gun was next to his seat. The State called both deputies as witnesses, plus a third deputy who had arrived on the scene. Over repeated objections, each deputy testified about the details of the dispatch that had been received. Thus, instead of hearing that the deputies went to the scene based on instructions from their dispatcher, the jury repeatedly heard about the report of a man waving a firearm, which one of the officers referred to as "detailed" and "reliable." During closing argument, Mr. Taylor's attorney argued that the State had not proven that Mr. Taylor knew about the gun in the pickup. In response, the State relied upon the objected-to hearsay evidence that Mr. Taylor had been waving the gun minutes before the police arrived.
On appeal, Mr. Taylor argues that he was entitled to a judgment of acquittal because the State failed to establish its case or, in the alternative, that a new trial is required based on the prosecutor's inappropriate closing argument. We reject these arguments without further comment. Mr. Taylor also argues, however, that he is entitled to a new trial because the trial court improperly admitted the hearsay evidence contained in the dispatch. We agree.
Prior to the supreme court's decision in Conley, 620 So.2d 180, there was some confusion concerning whether the entire content of a dispatch was admissible to explain why police officers arrived at a crime scene. Conley clearly established that the State may prove the fact of a dispatch to explain police actions, but normally it may not introduce the hearsay content of a dispatch, especially to prove the truthfulness contained within that content. Conley, 620 So.2d at 183. See Keen v. State, 775 So.2d 263 (Fla.2000); Wilding v. State, 674 So.2d 114 (Fla.1996); A.B.E. v. State, 818 So.2d 534 (Fla. 2d DCA 2002); Stribbling v. State, 778 So.2d 452 (Fla. 4th DCA 2001); Schaffer v. State, 769 So.2d 496 (Fla. 4th DCA 2000); Laws v. State, 696 So.2d 455 (Fla. 3d DCA 1997). The content of a dispatch is often relevant at a pretrial suppression hearing to help establish that an officer acted with reasonable suspicion or probable cause, but it typically plays no role in establishing the elements of the offense at trial.
The circumstances in Conley are extremely similar to those in this case. Especially when combined with the State's use of the content of the dispatch in closing argument to suggest that the State had proven the truth of the assertion that Mr. Taylor had been brandishing the gun before the deputies arrived and, thus, was in actual possession of the weapon, we cannot conclude that this error was harmless. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Reversed and remanded.
FULMER and COVINGTON, JJ., Concur.
NOTES
[1] § 790.01, Fla. Stat. (1999).
[2] § 790.23, Fla. Stat. (1999).
[3] Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).