905 So.2d 989 (2005)
Christopher FLORENCE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-3100.
District Court of Appeal of Florida, Fourth District.
June 29, 2005.
Richard L. Rosenbaum of Law Offices of Richard L. Rosenbaum, Fort Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
Appellant was found guilty of aggravated battery in the shooting of Dannie Ellis (Ellis). Ellis was the only witness to testify about the incident even though his cousin, Quaavon Ellis (Quaavon), had been with him that night. There was no physical evidence recovered at the scene. Despite Ellis' testimony that he had known appellant for approximately four years and his identification of appellant as the shooter, appellant's defense was misidentification. Based on pending criminal charges against Ellis for an unrelated crime, defense counsel suggested that Ellis was motivated to testify favorably for the state in this case in exchange for a favorable result in his own case.
During the testimony of the detective who investigated the incident, the prosecutor asked whether any other witnesses were questioned. The detective stated that she spoke with one friend and one relative (Quaavon) of the victim and that the information she received "from the two witnesses appeared to corroborate the statement that [she] got from Mr. Ellis." Appellant objected on hearsay grounds, which objection was overruled. This was error.
Ellis' testimony was that appellant was the shooter. Thus, the detective's testimony concerning hearsay statements of two non-testifying witnesses certainly bolstered Ellis' testimony. From that evidence, the jury could have inferred that the witnesses gave the officer information suggesting appellant's guilt. See, e.g., Shaffer v. State, 619 So.2d 409 (Fla. 4th DCA 1993)(holding that it was error to allow the police officer to testify that a non-testifying store clerk positively identified appellant in a show-up).
*990 This court stated in Schaffer v. State, 769 So.2d 496, 499 (Fla. 4th DCA 2000), that even if the actual statement made by the non-testifying witness is not repeated, references to the statement are inadmissible if the "inescapable inference . . . is that a non-testifying witness has furnished the police with evidence of the defendant's guilt." The court held that it was error for the trial court to admit a police officer's testimony that after speaking with a confidential informant who told him that he set up a buy/bust transaction with the defendant, the officers drove to a particular lot, waited for the defendant in a specific automobile, and arrested him. Id.
Based on Schaffer and Shaffer, we hold that the admission of evidence that non-testifying witnesses gave statements corroborating the testimony of the victim was error. Accordingly, we reverse appellant's conviction and remand for a new trial. We affirm the trial court rulings on all other issues raised by appellant.
REVERSED AND REMANDED FOR A NEW TRIAL.
STEVENSON and GROSS, JJ., concur.