948 So.2d 1009 (2007)
Lawrence OWENS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-2715.
District Court of Appeal of Florida, Fourth District.
February 21, 2007.
Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of battery on a law enforcement officer and resisting an *1010 officer with violence. We reverse for a new trial because an officer responding to a dispatch was permitted to testify as to the contents of the dispatch, which were inadmissible hearsay and prejudicial.
Appellant's convictions arose out of a domestic disturbance call, when appellant resisted Officer Heinrich's directions and his physical efforts to subdue him. An officer who was called to the scene was allowed to testify that beforehand he had received a dispatch that an "officer that was fighting with a subject on a domestic." He was further permitted to testify that "officer Heinrich got on the radio, advised he needed assistance, immediate backup, that he was violently fighting with a subject." Officer Heinrich, who had called for help, also testified in a manner consistent with the hearsay testimony of the officer who was being called to the scene.
It is permissible for an officer to testify that a dispatch occurred, in order to explain police action, but the hearsay contents of the dispatch are inadmissible for the purpose of proving the truthfulness of the information. Conley v. State, 620 So.2d 180 (Fla.1993); Taylor v. State, 845 So.2d 301 (Fla. 2d DCA 2003). We are unable to agree with the state that the hearsay testimony was harmless as cumulative to the testimony of Officer Heinrich, because this was a close case, and Officer Heinrich was the only witness to testify that the appellant had struck him and was being combative.
Two other witnesses testified that appellant had come out of an apartment with his hands in the air, that appellant did not hit Officer Heinrich, and that Officer Heinrich fired his taser at appellant. The issue was whether appellant had attacked Officer Heinrich, justifying the use of the taser, or whether the officer had prematurely used his taser and then attempted to excuse it by claiming that he was attacked first. Under these circumstances we cannot say that the hearsay as to the two dispatches was harmless as being cumulative.
Our conclusion that this requires a new trial makes the other issues raised by appellant moot; however, we note that on retrial the state cannot ask a defense witness, on cross-examination, to read from a transcript of the witness's 911 call, unless the transcript is authenticated.
Reversed.
HAZOURI and MAY, JJ., concur.