33 So.3d 779 (2010)
S.D.T., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D09-1955.
District Court of Appeal of Florida, Fourth District.
April 21, 2010.
*780 Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, C.J.
We hold that the contents of a BOLO dispatch were non-hearsay admissible to establish an element of the crime of resisting an officer without violence. See § 843.02, Fla. Stat. (2008).
To find appellant guilty, the trial judge relied on a BOLO dispatch received by the arresting officer, which described two theft suspects at a Wal-Mart. Seeing two persons leaving the Wal-Mart who matched the description in the BOLO, the officer approached and said that he wanted to talk to them. One of the suspects was S.D.T., who fled in spite of the officer's command to stop. The officer ran down S.D.T. catching up with him around the corner of the store.
S.D.T. contends that because the content of the dispatch was hearsay, the trial court was precluded from relying on it to find him guilty. However, the dispatch was not hearsay, because the state did not offer it for the truth of its contents.
One of the elements of resisting an officer without violence is that, at the time of the resisting, the officer was engaged in the lawful execution of a legal duty. See C.E.L. v. State, 24 So.3d 1181, 1185-86 (Fla.2009). If an officer has reasonable suspicion to make an investigatory stop, then an officer is engaged in the lawful execution of a legal duty. Id. at 1186. "To be guilty of unlawfully resisting an officer, an individual who flees must know of the officer's intent to detain him, and the officer must be justified in making the stop at the point when the command to stop is issued." Id. (citations omitted).
Hearsay "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." § 90.801(1)(c), Fla. Stat. (2008). For the purpose of a hearsay analysis, the declarant in this case was the dispatcher who broadcast the BOLO giving the description of the theft suspects at the Wal-Mart.[1] The state offered the BOLO not to prove the truth of its contentsthat the suspects had committed a theftbut to establish that the arresting officer was engaged in the lawful execution of a legal duty at the time of the stop. Regardless of the truth of the statements in the BOLO, the officer was justified in relying on it to make an investigatory stop.
This non-hearsay use of the BOLO to establish an element of the crime of resisting without violence distinguishes this case from those cases which have held that the contents of a BOLO are inadmissible hearsay. See Conley v. State, 620 So.2d 180 (Fla.1993); Owens v. State, 948 So.2d 1009 (Fla. 4th DCA 2007); Taylor v. State, 845 So.2d 301 (Fla. 2d DCA 2003); Tosta v. State, 786 So.2d 21 (Fla. 4th DCA 2001); *781 Horne v. State, 659 So.2d 1311 (Fla. 4th DCA 1995); Jones v. State, 625 So.2d 1291 (Fla. 4th DCA 1993).
For example, in Conley, the defendant was charged with armed burglary, armed robbery, and sexual battery with a deadly weapon. 620 So.2d at 182. The state offered the testimony of an officer who received a police dispatch report of "a man chasing a female down the street" with "some type of gun or rifle." Id. The Supreme Court held that the BOLO statements were hearsay, since the state used the evidence to prove the truth of the matter asserted, that is, to prove that the defendant "carried a rifle during the criminal episode." Id. at 182.
Similarly, in Taylor, the defendant was charged with carrying a concealed firearm and possession of a firearm by a convicted felon. 845 So.2d at 302. Two deputies testified that they received a radio dispatch about a man in a white Ford pickup truck who was waving around a gun. Id. at 302. A dispute at trial centered on whether the defendant was aware of a .44 magnum revolver found between the passenger door and the seat of the pickup truck. Id. at 302-03. The state used the contents of the radio dispatch to argue that the defendant knew about the gun. Id. at 303. The second district rejected the state's argument that the "entire content of [the] dispatch was admissible to explain why police officers arrived at a crime scene." Id. Citing Conley, the court held that the state "normally ... may not introduce the hearsay content of a dispatch, especially to prove the truthfulness contained within that content." Id. The court recognized that "[t]he content of a dispatch is often relevant at a pretrial suppression hearing" to establish that an officer acted with probable cause and observed that such content "typically plays no role in establishing the elements of the offense at trial." Id.
This case fits within the latter situation acknowledged in Taylor. Without regard to the truth of the matters asserted in the BOLO, the fact that the dispatch was received by the arresting officer went to prove an element of the crime, that when S.D.T. fled, the officer was engaged in the lawful execution of a legal duty.
Affirmed.
POLEN and STEVENSON, JJ., concur.
NOTES
[1] Because we hold that the BOLO was nonhearsay in this case, it is not necessary to address the double hearsay issue inherent in any BOLO.