914 So.2d 514 (2005)
Gilbert STOKES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-5068.
District Court of Appeal of Florida, Fourth District.
November 23, 2005.
*515 Gregg S. Lerman of Gregg Lerman, P.A., West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, C.J.
On August 15, 2000, Jyron Seider was murdered in Belle Glade while playing a game of dice. Appellant, Gilbert Stokes, was charged in the crime, tried by a jury, and convicted of first degree murder with a firearm, robbery with a firearm, and aggravated assault with a firearm. Appellant argues that the trial court erred in allowing evidence of his purported gang membership and that this error was not harmless. We agree, reverse the judgment and sentence, and remand for a new trial.
Stokes contends the trial court impermissibly allowed evidence of his membership in a local gang known as "Dogs Under Fire" or "DUF." During voir dire, the State asked prospective jurors, among other things, (1) if they had any experience *516 with gangs, social clubs, or cliques, (2) if anyone was familiar with activities in which gangs participated, (3) if anyone had ever heard of Dogs Under Fire or DUF, (4) if they knew what characteristics distinguished those belonging to DUF, and (5) if they would be too intimidated or frightened to render a decision after hearing evidence about gangs, social clubs, guns, or murder. It could be logically inferred from the State's questions that the defendant belonged to the gang known as Dogs Under Fire or DUF. While defense counsel did not oppose this line of questioning, this does not preclude our review of evidence that was admitted, and objected to, during the trial.
Prior to opening statements, defense counsel moved, on relevancy grounds, to prevent the State from introducing evidence pertaining to Dogs Under Fire. The State responded that the evidence was relevant to prove motive and identification because the defendant was a member of DUF and the victim was not. Likewise, the State argued DUF evidence was pertinent because the murder took place two blocks from DUF's socializing corner.[1] Consequently, the trial court granted the motion to the extent that the State could not refer to the organization as a gang and if names besides the term DUF "slipped out," the State should "keep going back to DUF."
Any doubt the jury might have had about Stokes's gang membership likely evaporated during opening statements when the prosecutor said "gangs, choices, you will hear about this Defendant Gilbert Stokes, also known as David." It is clear from the transcript that any objection at this point would have been futile based on the trial judge's prior ruling. See Daly v. Colonnades, Inc., 223 So.2d 48, 50 n. 1 (Fla. 4th DCA 1969) (determining an objection would have been futile once an objection to a similar question was made and overruled).
Despite the State's assurances that evidence of Stokes's membership in DUF would demonstrate a motive for the murder, i.e., that Seider was murdered because he was not a DUF member and was outside DUF territory, the key prosecution witness testified that Stokes socialized with hima non-DUF memberon "all different corners." The witness also testified he could not remember whose idea it was to rob the dice game, but the game was selected because of the estimated amount of money present. No witness testified that Stokes robbed the game because the players were not in DUF or the game's location was outside of DUF's territory. Based on this record, we conclude the trial court erred in overruling Stokes's objection[2] to the State's questions about Stokes's DUF membership, the general composition of DUF, and the habits of DUF members because this testimony was irrelevant to prove motive and identity and was unduly prejudicial. See § 90.401, Fla. Stat. (2005) (defining relevant evidence as "evidence tending to prove or disprove a material fact").
*517 Relying on Evans v. State, 800 So.2d 182, 191 (Fla.2001), the State argues "there is no reasonable possibility that [appellant] would not have been convicted had the jury been kept ignorant of his membership in the gang." In Evans, the Florida Supreme Court found that mentioning the defendant's gang membership was harmless since there was "strong evidence of Evans' guilt" and "the State did not argue that the murder was gang-related or motivated by Evans' membership in the gang." Id. Here, the State lacked strong evidence and it is questionable, under the facts of this case, whether the jury would have found Stokes guilty without hearing evidence of his DUF membership. The only DNA profile that was recovered near the crime scene and could be identified belonged to the State's key witness, who was impeached with prior statements claiming not to have seen the murder. Furthermore, there was testimony identifying the State's key witness as the only person involved in the incident and testimony that a man dressed all in blackthe same attire Stokes allegedly wore during the incidentappeared to be unarmed. Accordingly, the State has failed to prove beyond a reasonable doubt that there was no reasonable possibility the error contributed to the conviction. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
For purposes of retrial, we address another issue on appeal. During the State's case in chief, the prosecutor questioned Detective Shatara about his involvement in the murder investigation. In essence, Shatara testified that Stokes became a suspect after Shatara conducted a number of interviews with other people. From this, the jury could have inferred that non-testifying witnesses made accusatory statements to Detective Shatara about the defendant. See generally Stribbling v. State, 778 So.2d 452, 455 (Fla. 4th DCA 2001) (stating the admission of a detective's testimony that an unknown individual identified the defendant was reversible error); Schaffer v. State, 769 So.2d 496, 498 (Fla. 4th DCA 2000) ("Where the implication from in-court testimony is that a non-testifying witness has made an out-of-court statement offered to prove the defendant's guilt, the testimony is not admissible."). Another logical assumption is that testifying witnesses gave police information about appellant's involvement which was not presented to the jury.
The State argues the detective's testimony was admissible to explain that Stokes became a suspect "in the course of their investigation." The supreme court previously responded to a similar argument, stating:
[T]his Court clearly instructed in [State v.] Baird, [572 So.2d 904 (Fla.1990),] reaffirmed in Conley [v. State, 620 So.2d 180 (Fla.1993)], and confirmed in Wilding [v. State, 674 So.2d 114 (Fla.1996),] that an alleged sequence of events leading to an investigation and an arrest is not a material issue in this type of case. Therefore, there is no relevancy for such testimony to prove or establish such a nonissue. When the only possible relevance of an out-of-court statement is directed to the truth of the matters stated by a declarant, the subject matter is classic hearsay even though the proponent of such evidence seeks to clothe such hearsay under a nonhearsay label.
Keen v. State, 775 So.2d 263, 274 (Fla.2000). We therefore hold the testimony was impermissible. We do not believe the State met its burden to prove the error was harmless and we cannot conclude beyond a reasonable doubt that the error did not affect the verdict. See DiGuilio, 491 So.2d at 1138. Accordingly, we reverse and remand for a new trial.
*518 We have considered the other issues on appeal and find no error.
SHAHOOD and GROSS, JJ., concur.
NOTES
[1] According to the State, the fact that Stokes was "out of place, [because] that was not his corner, his corner was another location," was relevant to prove motive.
[2] A contemporaneous objection was not made each time the prosecutor asked a witness about DUF. However, section 90.104(1)(b) states "[i]f the court has made a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal." § 90.104(1)(b), Fla. Stat. (2005); see also Mallory v. State, 866 So.2d 127, 128 (Fla. 4th DCA 2004) (deciding on the merits the denial of a motion to suppress despite the failure to make a contemporaneous objection).