949 So.2d 339 (2007)
Hilberto CEDILLO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-804.
District Court of Appeal of Florida, Fourth District.
February 28, 2007.
*340 Kelly V. Landers, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Monique E. L'Italien, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
Hilberto Cedillo ("appellant") was found guilty, as charged, by a jury of carjacking, resisting a law enforcement officer with violence, battery on a law enforcement officer, and felony battery. Appellant claims the trial court abused its discretion in allowing hearsay testimony from which the jury could infer that a non-testifying witness implicated appellant in the crime. We agree and reverse and remand for a new trial.
The investigating officer in the case, Detective Fresneda, testified that he interviewed a woman named Laurie Marzulli during the course of his investigation. Defense counsel objected, and a sidebar conference was held. Defense counsel expressed concern that the prosecutor was going to elicit testimony that Marzulli told Detective Fresneda that she got the victim's car from appellant, thus implicating appellant in the crime. The prosecutor responded that she would not do that. The prosecutor continued the direct testimony of Detective Fresneda as follows:
[PROSECUTOR]: Detective Fresneda, without telling us what Laurie Marzulli told you, you cannot tell me because its hearsay. Tell me did you develop a suspect on the case, on the incident that occurred on January 22, 2003?
A: Yes I did.
Detective Fresneda then testified that he placed the suspect's picture into a photographic lineup and the victim identified the suspect, appellant, out of that lineup.
Appellant argues that it was error for the trial court to allow the prosecution to present testimony from Detective Fresneda that appellant became a suspect in the case after Detective Fresneda interviewed Marzulli. Appellant claims this was improper hearsay evidence from which the jury could infer that Marzulli, a non-testifying witness, made statements implicating appellant in the crime. The State argues that the testimony appellant complains of does not meet the statutory definition of hearsay.
Hearsay is defined by statute as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." § 90.801(1)(c), Fla. Stat. (2005). Marzulli was the declarant in this situation. The State is correct that Detective Fresneda *341 never testified to any specific statement that Marzulli made to him, regardless of any reasonable inferences that could be drawn from Detective Fresneda's testimony. However, this does not end the inquiry. Appellant relies upon a line of cases that have addressed the danger of introducing information supplied by a non-testifying witness that the defendant committed the crime. See, e.g., State v. Baird, 572 So.2d 904 (Fla.1990); Schaffer v. State, 769 So.2d 496 (Fla. 4th DCA 2000).
This court examined the issue recently in Stokes v. State, 914 So.2d 514 (Fla. 4th DCA 2005). In Stokes, appellant claimed the trial court erred in allowing the investigating detective to testify that appellant became a suspect after the detective interviewed a number of other people. Id. at 517. We identified the danger of the testimony as the possibility the jury could infer that the non-testifying witnesses the detective interviewed made accusatory statements or gave police information about the defendant's involvement that was not presented to the jury. Id. The State argued that the detective's testimony was admissible to show the defendant became a suspect in the course of the police investigation. We rejected the State's argument on the reasoning that "an alleged sequence of events leading to an investigation and an arrest is not a material issue in this type of case. Therefore, there is no relevancy for such testimony to prove or establish such a nonissue." Id. (quoting Keen v. State, 775 So.2d 263, 274 (Fla. 2000)). We found the testimony impermissible hearsay and reversed and remanded for a new trial. Id.
Here, as in Stokes, the trial court erred in allowing the police officer to provide testimony implying that a non-testifying witness made accusatory statements against the defendant. "Where the implication from in-court testimony is that a non-testifying witness has made an out-of-court statement offered to prove the defendant's guilt, the testimony is not admissible." Schaffer, 769 So.2d at 498. The sequence of events of the investigation leading to appellant's arrest was not a material issue in the case. Contrary to the State's argument, the officer's testimony is still properly characterized as hearsay even though the specific statement of the non-testifying witness is not repeated. Id. at 499 (citing Postell v. State, 398 So.2d 851, 854 (Fla. 3d DCA 1981)).
The State made the accusatory implication established by Detective Fresneda's hearsay testimony a significant feature of the trial in order to link appellant to the crime. For example, the officer who arrested Marzulli described how he discovered her driving the victim's car. In addition, the prosecutor directly focused on Detective Fresneda's hearsay testimony during closing argument, telling the jury it was unlikely Marzulli would falsely accuse appellant of stealing the car just to spite him. The State has not met its burden to prove that the error was harmless. See State v. DiGuilio, 491 So.2d 1129, 1138 (Fla.1986).
We find the remaining issues raised by appellant to be without merit, but reverse and remand for a new trial on the issue addressed in this opinion.
Reversed and Remanded.
STEVENSON, C.J., and KLEIN, J., concur.