971 So.2d 217 (2008)
Douglas BRIZENDINE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-2519.
District Court of Appeal of Florida, Fourth District.
January 2, 2008.
Gina Mendez, of Law Office of Gina Mendez, LLC, Miami, and Douglas Brizendine, for appellant.
Bill McCollum, Attorney General, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Douglas Brizendine appeals the summary denial of his rule 3.850 motion for postconviction relief. We affirm as to all grounds except ground "D." As to this claim of error, we reverse for the reasons expressed below and remand for either an *218 evidentiary hearing or the attachment of records that conclusively refute the allegation of ineffective assistance of counsel.
The state charged Brizendine with one count of strong arm robbery, a second degree felony. On October 17, 2003, at about 5:00 p.m., Connie Swain was in the Walgreen's parking lot in Pompano Beach when a man rushed at her and said: "Do you like steaks?" The man grabbed the victim by the arm and pulled her to the ground. At that point, another person began "blowing the horn" and the man grabbed the victim's purse and jumped into a small blue truck that was parked next to the victim's car. That truck had a white cooler on the back and a sign on the side that read "Argus Steaks and Sea-food," according to the victim. The victim described her assailant as a white male with no accent, blonde or light brown hair, roughly five feet ten inches or six feet tall. The victim was unsure about the description because she was attacked from behind and was on the ground when she saw the assailant. A few days later, the victim could not identify Brizendine from a photographic lineup.
An eyewitness, Michael Hanley, was driving into the Walgreen's parking lot when he heard a car honk its horn and noticed people looking at one side of the parking lot. He saw a man jump into a blue truck, with a white cooler in the back, and then speed out of the parking lot. He went to help the victim and called police, who took the description of the assailant and vehicle. Hanley positively identified Brizendine from a photographic lineup and identified Brizendine in court. The police, three hours after the incident, located the truck in Pompano Beach, unoccupied.
During the trial, the prosecutor asked the detective if he "did an investigation through the company, through the owners of that truck and did you find through that investigation that one and only one person had possession of that truck on that day checked out of their company on that day?" The detective said yes, and the prosecutor asked who was that person. The detective answered: "Doug Brizendine." The defense attorney did not object, nor move for a mistrial during closing argument when the prosecutor commented on this testimony.
Brizendine, in this timely rule 3.850 motion, claims this testimony was impermissible hearsay and his attorney's failure to object or move for a mistrial amounts to ineffective assistance of counsel. The lower court denied the claim without an evidentiary hearing, relying upon the State's argument that the comment was not hearsay. We agree with Brizendine that the comment was hearsay and thus an objection or motion for mistrial may have been properly raised. See Keen v. State, 775 So.2d 263, 274 (Fla.2000); State v. Baird, 572 So.2d 904 (Fla.1990); Cedillo v. State, 949 So.2d 339 (Fla. 4th DCA 2007); Stokes v. State, 914 So.2d 514 (Fla. 4th DCA 2005). In Cedillo, this Court recognized the long-standing precedent that such hearsay testimony is inadmissible, even if the testifying witness does not directly relay any specific comment made by a declarant. 949 So.2d at 341. In that case, the detective testified that he spoke to several witnesses and as a result of that discussion, arrested the defendant. Id. "We identified [in Stokes] the danger of the testimony as the possibility the jury could infer that the non-testifying witnesses the detective interviewed made accusatory statements or gave police information about the defendant's involvement that was not presented to the jury." Id. at 341. "The trial court erred in allowing the police officer to provide testimony implying that a non-testifying witness made accusatory statements against the defendant." *219 Id. "Where the implication from in-court testimony is that a non-testifying witness has made an out-of-court statement offered to prove the defendant's guilt, the testimony is not admissible." Schaffer v. State, 769 So.2d 496, 498 (Fla. 4th DCA 2000).
We conclude Brizendine has presented a legally sufficient claim of ineffective assistance of counsel in ground D. As such, we affirm the summary denial of the motion as to all grounds except ground D, reverse the order, and remand for the lower court to conduct an evidentiary hearing on this matter or to attach portions of the record that conclusively refute the allegation.
Affirmed in part, Reversed in part, and Remanded.
KLEIN, TAYLOR and HAZOURI, JJ., concur.