DAMOORGIAN, J.
 

 Trevor Lewis appeals his conviction and sentence for armed burglary of a dwelling, robbery with a firearm, and aggravated battery. He raises two issues on appeal. First, he argues that the trial court erred in allowing the admission of hearsay testimony. Second, he asserts error in the denial of his motion for judgment of acquittal. We reverse on the admission of hearsay testimony for reasons hereinafter explained, and find its admission was harmful and prejudicial. Our holding renders the second issue moot.
 

 Lewis was charged by information with armed burglary of a dwelling (Count I), robbery with a firearm (Count II), and aggravated battery (Count III). The case proceeded to trial. The jury returned a guilty verdict on all three counts.
 

 The details of the incident are not important to the resolution of the issue before us. The issue before us stems from the investigating officer’s testimony at trial. On direct examination, the officer testified that he received the name of a possible suspect from two non-testifying witnesses. Specifically, the officer was asked about canvassing the area after the incident. Defense counsel objected to the following portion of the officer’s testimony:
 

 [State] Q: Did that turn anything up for you?
 

 [Officer] A: It did. The room directly next door provided some very valuable information regarding the case.
 

 [State] Q: Did you speak to a specific person in that room?
 

 
 *444
 
 [Officer] A: I spoke to two people who were staying in that room.
 

 [State] Q: Were they male or female? [Officer] A: Female.
 

 [State] Q: And after speaking to those individuals did you get the name of a possible suspect?
 

 [Officer] A: I did.
 

 The officer further testified on direct that after talking to the witnesses on scene, he developed a photo line-up, and that Lewis was the target of the line-up. Defense counsel also objected to this testimony, arguing it was hearsay. The objection was overruled. In closing, the State articulated that Lewis’s name was obtained from the non-testifying witnesses.
 

 Lewis claims that it was error for the trial court to allow the investigating officer’s testimony that Lewis became the target of the investigation after he interviewed the two non-testifying witnesses. He further contends this was inadmissible hearsay, and its admission was harmful and prejudicial. The State argues that the officer’s testimony referred only to the lead supplied by the testifying victims of the crimes, and it was defense counsel who revealed the names of the non-testifying witnesses from the scene during cross-examination of the officer. As such, the State argues any error was invited and harmless.
 

 This Court has held that testimony similar to that elicited in this case is inadmissible hearsay.
 
 See Cedillo v. State,
 
 949 So.2d 339, 341 (Fla. 4th DCA 2007) (holding that police officer’s testimony indicating he developed the defendant as a suspect after speaking with a non-testifying witness implied that the witness made accusatory statements against defendant, and therefore, was inadmissible hearsay). Here, the investigating officer testified on direct that he developed a suspect after speaking with two non-testifying witnesses. He further stated that from the name he received, he generated a photo line-up and that Lewis was the target. Such testimony constitutes error.
 
 See id.; see also Stokes v. State,
 
 914 So.2d 514, 517 (Fla. 4th DCA 2005) (explaining that detective’s testimony stating defendant became a suspect after detective conducted a number of interviews with other people constituted inadmissible hearsay);
 
 Schaffer v. State,
 
 769 So.2d 496, 498 (Fla. 4th DCA 2000) (“Where the implication from in-court testimony is that a non-testifying witness has made an out-of-court statement offered to prove the defendant’s guilt, the testimony is not admissible.”).
 

 Having concluded that the trial court erred, we next resolve whether the error was harmless. “The harmless error test ... places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.”
 
 Ventura v. State,
 
 29 So.3d 1086, 1089 (Fla.2010) (quoting
 
 State v. DiGuilio,
 
 491 So.2d 1129, 1135 (Fla.1986) (emphasis removed)).
 

 Here, the State cannot make this showing. This case rested on witness credibility. Had the trial court sustained the hearsay objection to the officer’s testimony, a positive identification by the two victims, who both had prior convictions, would have been the only evidence of Lewis’s guilt. One of the victims was only sixty percent sure regarding her identification of Lewis because she was not wearing her glasses at the time of the incident. Lewis never admitted involvement in the crime, and he testified at trial that he was elsewhere on the night in question. Moreover, no physical evidence was recovered connecting Lewis to the offenses. Finally,
 
 *445
 
 the error was not invited where this testimony was elicited on direct examination by the State.
 
 See Cordoba v. Rodriguez,
 
 939 So.2d 319, 323 (Fla. 4th DCA 2006) (“ ‘[UJnder the invited error-doctrine, a party may not make or invite error at trial and then take advantage of the error on appeal.’ ”) (quoting
 
 Goodwin v. State,
 
 751 So.2d 537, 544 n. 8 (Fla.1999)) The evidence taken as a whole leads us to conclude that the error was not harmless.
 

 Accordingly, we reverse Lewis’s s conviction and sentence and remand for a new trial.
 

 Reversed and Remanded.
 

 MAY, C.J., and HAZOURI, J., concur.